VINCENT J. KILDUFF, S.B. #57494
Law Offices of
Vincent J. Kilduff
181 Devine Street
San Jose, Calif. 95110
(408) 279-4400

Attorney for defendant,
Ali Weichler

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ED SUMMERFIELD, ARTHUR SUMMERFIELD, RITA SUMMERFIELD,<br><br>Plaintiffs,<br><br>vs.<br><br>STRATEGIC LENDING CORPORATION, ALI WEICHLER, LEONARDO "LEO" AGUSTIN, ERIC SWENSEN, DOES 1-30,<br><br>Defendants. | Case No. C09-02609 HRL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date of Hearing: 2/23/2010<br>Time of Hearing: 10:00 A.M.<br>Courtroom No. 2 |

MEMORANDUM OF POINTS AND AUTHORITIES

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400


# TABLE OF CONTENTS

Page

TABLE OF CONTENTS.................................... I

TABLE OF AUTHORITIES................................iii

INTRODUCTION......................................... 2

ISSUES TO BE DECIDED................................. 2

BACKGROUND FACTS AND ALLEGATIONS OF THE COMPLAINT... 2

ARGUMENT............................................. 3

    I    Plaintiffs Lack Standing to Bring the Civil RICO Claim As Pled in the Complaint..3

    II   The Complaint fails to establish the element of "racketeering activity" necessary under RICO........................6

    III  Plaintiffs have failed to properly allege any predicate acts necessary to state a RICO cause of action against defendants, nor alleged how the acts of defendants are a proximate cause of injury to plaintiffs..7

    IV   Any allegations based upon fraud or mistake must be pled with particularity...10

    V    Plaintiffs' RICO allegations are barred by the applicable Four Year Statute of Limitations...............................11

    VI   The allegations of Ed Summerfield are all based upon his employment by Strategic which should be litigated in a state action............................12

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

<" ">

VII    This Court should decline to exercise supplemental jurisdiction over the claims of defendant, Ed Summerfield, as such claims are not so related to the claims of defendants, Arthur and Rita Summerfield, that they form part of the same case or controversy..............13

VIII   The primary purpose of this action is to adjudicate Ed's employment related claims, which substantially predominate over the purported RICO claims of Arthur and Rita and the Court should decline to exercise supplemental jurisdiction over Ed's claims................................15

IX    The claims of defendant, Ed, are all barred by the applicable statute of limitations periods set forth in California State statutes.................15

      A. Second Cause of Action: Negligence.....16

      B. Third Cause of Action: Breach of Fiduciary Duty........................16

      C. Fourth Cause of Action: Breach of Contract.............................17

      D. Fifth Cause of Action: Breach of Covenant of Good Faith and Fair Dealing..............................18

      E. Sixth Cause of Action: Unpaid Wages, Unreimbursed Expenses, and related Labor Code claims......................18

CONCLUSION.....................................19

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

## TABLE OF AUTHORITIES

Page(s)

### CASES

Agency Holding Corp. v. Malley-Duff &
Assocs., Inc. (1987)
483 U.S. 143..........................................11

Canyon County v. Syngenta Seeds, Inc.
519 F.3d 969 (9th Cir. 2008)..........................3

In re Glenfed, Inc. Sec. Litig. (1994)
42 F.3d 1541 ........................................10

Grauberger v. St. Francis Hospital
169 F.Supp.2d 1172  (N.D.Cal. 2001)..................13

Hollander v. Brown
457 F.3d 688 (C.A.7 Ill. 2006)......................11

Holmes v. Sec. Investor Protection Corp. (1992)
503 U.S. 258..........................................5

Lancaster Community Hosp. v.
Antelope Valley Hosp. Dist.
940 F.2d 397 (9th Cir. 1991)......................8, 9

Limestone Dev. Corp. v. Village of Lemont, Ill.
520 F.3d 797 (7th Cir. 2008).........................7

Living Designs, Inc. v. E.I.
DuPont de Nemours & Co.
431 F.3d 353 (9th Cir. 2005).........................7

Miller v. Yokohama Tire Corporation (2004)
358 F.3d 616........................................12

Poulos v. Caesars World, Inc.
379 F.3d 654 (9th Cir. 2004).........................4

Savage v. Council on American-
Islamic Rels., Inc.,

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

(N.D.Cal. Case No. C07-6067 SI).............................8

*Schreiber Dist. Co. v. Serv-well Furniture Co.*
806 F.2d 1393 (9th Cir. 1986)...........................9, 10

*Sedima, S.P.R.L. v. Imrex Co.* (1985)
473 U.S. 479............................................3, 4, 7

*Stalberg v. Western Title Insurance Co.* (1991)
230 CA 3d 1223, 282 CR 43..................................17

*Sun Sav. & Loan Ass'n v. Dierdorff*
825 F.2d 187 (9th Cir. 1987)................................7

*Stalberg v. Western Title Insurance Co.* (1991)
230 CA 3d 1223, 282 CR 43..................................17

**STATUTES**

**FEDERAL**

*18 U.S.C. §1341*..........................................7, 9

*18 U.S.C. §1343*..........................................7, 9

*18 U.S.C. §1961*.......................................6, 7, 8

*18 U.S.C. §1962*..........................................6, 7

*18 U.S.C. §1964*..........................................3, 7

*28 U.S.C. §1367*....................................13, 14, 15

*F.R.C.P. §8*...............................................11

*F.R.C.P. §9*.......................................2, 8, 10, 11

*F.R.C.P. §12*...........................................2, 11

**STATE OF CALIFORNIA**

*California Code of Civil Procedure*
§335.1.....................................................16

-iv-

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

*California Code of Civil Procedure*
§337.................................................16, 18

*California Code of Civil Procedure*
§338.............................................16, 18, 19

*California Code of Civil Procedure*
§339....................................................18

*California Code of Civil Procedure*
§343....................................................17

**AUTHORITIES**

*California Practice Guide, Civil
Procedure Before Trial,
Statutes of Limitations* (Rutter Group).......17, 18, 19

*California Practice Guide,
Federal Civil Procedure
Before Trial* (Rutter Group)..........................14

# INTRODUCTION

Defendant, ALI WEICHLER, presents the following memorandum in support of his motion to dismiss the complaint filed herein on the basis that (a) this Court lacks subject matter jurisdiction [FRCP §12(b)(1)], and (b) the complaint fails to state a claim upon which relief can be granted [FRCP §12(b)(6)].

# ISSUES TO BE DECIDED

1. Plaintiffs' standing to prosecute a civil RICO action.
2. Allegations of Racketeering activity in the complaint.
3. Allegations of predicate acts in the complaint.
4. Proximate cause of injury to plaintiffs.
5. Pleading particularity required by F.R.C.P. §9(b).
6. RICO Statute of Limitations.
7. Federal allegations re plaintiff, Ed Summerfield.
8. Supplemental Jurisdiction.
9. California State Statutes of Limitations.

# BACKGROUND FACTS AND ALLEGATIONS OF THE COMPLAINT

The complaint sets forth the following factual allegations:

Plaintiff, Ed Summerfield ("Ed") was hired by defendant, Strategic Lending Corporation ("Strategic"), in May, 2003, at a purported salary of up to $1,000,000.00 per year. Defendant, Ali Weichler ("Ali"), was an employee of Strategic responsible for the hiring and supervision of Ed.

During Ed's employment, Ali required Ed, as a requirement of his employment, to study for the California Real Estate Exam, obtain a

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES            Page 2

notary license, travel to numerous businesses, engage in various training activities, purchase equipment and participate in other miscellaneous activities.

Ed's employment with Strategic was terminated on April 29, 2005.

The Complaint further alleges that during the period that Ed was employed by Strategic (prior to April 29, 2005), Ali convinced Arthur Summerfield ("Arthur") and Rita Summerfield ("Rita") to re-finance their home and borrow heavily on other assets, all to the benefit of defendants. Plaintiffs also allege that Ali "steered" Arthur into day trading, but does not allege that Ali in any way profited from that activity.

## ARGUMENT

### I

**Plaintiffs Lack Standing to Bring the Civil RICO Claim As Pled in the Complaint.**

"To have standing under §1964(c), a civil Racketeering Influenced and Corrupt Organizations Act ("RICO") plaintiff must show:

(1) that his alleged harm qualifies as injury to his business or property; and

(2) that his harm was 'by reason of' the RICO violation, which requires the plaintiff to establish proximate causation."

Canyon County v. Syngenta Seeds, Inc., 519 F.3d 969, 972 (9th Cir. 2008).

A RICO plaintiff "only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." Sedima, S.P.R.L. v. Imrex

Co., (1985) 473 U.S. 479, 496. Thus a plaintiff must show that the defendants' alleged misconduct was the cause-in-fact and the proximate cause of his injury. <u>Poulos v. Caesars World, Inc.</u>, 379 F.3d 654, 664 (9th Cir. 2004). While the alleged misconduct here is not clear, it seems to allege activities directed toward "homeowners and mortgagees" (Paragraph 27), although the allegation is incomplete and requires speculation to interpret what "unlawfully..." should mean. There are no allegations in the complaint contending that these activities were the proximate cause of plaintiffs' injuries.

Specifically in regard to Ed, it is evident that ED was not the target of any alleged lending fraud, but rather, an unrelated third-party to its effects. Had Ed alleged some direct causation of harm which was provable and cognizable as a matter of law, then Ed's RICO claim could survive a motion to dismiss. As it is, Ed has no standing to sue. <u>Sedima, S.P.R.L. v. Imrex, Co.</u>, (1985) 473 U.S. 479 It cannot be shown that but for defendants' alleged fraud, Ed would not have been terminated. Once his job performance was deemed unsatisfactory, no alleged pattern of fraudulent lending activity obligated defendant STRATEGIC to continue to employ him. While plaintiff asserts that the prospect of millions in realtor earnings and revenues were used to entice him to sign on as a trainee, STRATEGIC had the discretion to hire and fire employees in plaintiff's trainee position at will, at any time. Proximate causation, a necessary requirement under RICO, thus simply cannot be shown. Since there cannot be shown as a matter of law that but for defendants' alleged lending fraud, plaintiff would have retained his

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES        Page 4

position, plaintiff's claim is one which fails to state an injury cognizable under RICO. Accordingly, EDWARD SUMMERFIELD has no standing to bring this RICO claim and the First Cause of Action should be dismissed as to him.

The nature of Arthur's "diminished capacity" is nowhere mentioned, nor its relationship to the defendants' alleged conduct. His RICO claim does not indicate how any or all of Arthur's "losses and margin calls" from personal day-trading were causally connected with the alleged fraudulent lending activity. The nature of the defendants' duty to in any way control Arthur's investment decisions is unspecified. The complaint fails to show how and why defendants' conduct that may constitute a RICO violation is the proximate cause of plaintiffs' claimed injuries. The Supreme Court has stated that there must be "some direct relation between the injury asserted and the injurious conduct alleged. Thus, a plaintiff who complained of harm flowing merely from the misfortunes visited upon a third person by the defendant's acts was generally said to stand at too remote a distance to recover." Holmes v. Sec. Investor Protection Corp. 503 U.S. 258, 268-269 (1992).

Here, plaintiffs make no allegations showing that the alleged RICO violations (fraud upon homeowners and mortgagees) are the proximate cause of the losses suffered by Ed (employment wage claims) or Arthur (losses he suffered in the stock market). Thus, the complaint must be dismissed.

///

///

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES    Page 5

II

**The Complaint fails to establish the element of "racketeering activity" necessary under RICO.**

The only allegations of the complaint upon which the plaintiffs allege this Court has jurisdiction are those contained in Paragraphs 31-35, which attempt to present a civil RICO claim for damages pursuant to 18 U.S.C. 1962. However, those allegations (and the general allegations of the complaint) fail to indicate the "racketeering activity," (as defined in 18 U.S.C. §1961) alleged to have been committed by defendants.

Section 1961 lists numerous activities defined as racketeering activity. The Complaint, however, fails to claim the defendants engaged in any of those defined activities, except for the conclusory allegations contained in Paragraph 34 of the complaint alleging mail fraud, wire fraud and interstate transportation and sale of fraudulently obtained goods. A review of the factual allegations of the complaint discloses no factual allegations of mail fraud, wire fraud, or sale of fraudulently obtained goods. Defendants must be apprised of the alleged acts giving rise to such claims in order to refute them. Defendants (and this Court) should not have to guess.

The conclusory allegations of the Complaint as to each Plaintiff fail in each Plaintiff's case to establish the element of "racketeering activity" as recognized under the federal statute. In order to prove a pattern of racketeering activity under RICO a plaintiff or prosecutor must show at least two racketeering predicates that are related, and that they amount to or pose a threat of continued criminal activity. 18 U.S.C. §§ 1961(5), 1962.

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

"Racketeering activity" is defined in 18 U.S.C. § 1961(1)(B) as including any act 'indictable' under certain enumerated federal criminal statutes, including 18 U.S.C. § 1341, which makes mail fraud a criminal offense, and 18 U.S.C. § 1343, which makes wire fraud a crime." Here, plaintiffs' complaint includes no factual allegations of mail or wire fraud.

III

**Plaintiffs have failed to properly allege any predicate acts necessary to state a RICO cause of action against defendants, nor alleged how the acts of defendants are a proximate cause of injury to plaintiffs.**

Plaintiffs' First Cause of Action is brought pursuant to RICO, 18 U.S.C. §§ 1961 et seq. Because plaintiffs fail to allege any predicate acts of mail fraud, wire fraud, or interstate transportation and sale of fraudulently obtained goods, the complaint does not state any claim for which relief can be granted under RICO. To state a civil claim under RICO (18 U.S.C. § 1964), a complaint must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to plaintiffs' business or property. 18 U.S.C. § 1962 (2001); Grauberger v. St. Francis Hospital, 169 F.Supp.2d 1172, 1176 (N.D.Cal. 2001); Living Designs, Inc. v. E.I. DuPont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005). Sun Sav. & Loan Ass'n v. Dierdorff, 825 F.2d 187, 191 (9th Cir. 1987) [citing Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985))("Liability under §1962(c) requires (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."); see Limestone Dev. Corp. v. Village of Lemont, Ill., 520 F.3d 797, 800 (7th Cir. 2008)].

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES          Page 7

Plaintiffs' RICO allegations are facially deficient on several grounds:

First, plaintiffs have insufficiently pled the predicate acts constituting the alleged RICO violations. Plaintiffs' RICO claim simply references the preceding allegations in the complaint and adds the conclusory allegations of "taking advantage of Arthur's diminished mental capacity" and "abusing the trust Rita placed in Weichler" as well as "false promises Weichler made to Ed"; it appears that plaintiffs intend these conclusions to be enumerated as predicate acts of "racketeering activity" required by 18 U.S.C. §1961; however Plaintiffs have pled no additional facts to demonstrate how defendants committed these offenses. In the adjudication of civil RICO claims in the Ninth and other federal circuit courts have recognized that this type of "shotgun" pleading is insufficient to plead a RICO claim. As noted in its Order Granting Defendants' Motion for Judgment on the Pleadings (July 25, 2008) in Savage v. Council on American-Islamic Rels., Inc., (N.D.Cal. Case No. C07-6067 SI), finding a RICO claim was insufficient wherein plaintiff set forth "a redundant narrative of allegations and conclusions of law, but makes no attempt to allege what facts are material to his claims under the RICO statute, or which facts are used to support what claims under particular subsections of RICO." Savage, supra, [Order Granting Defendants' motion for Judgment on the Pleadings, at p.20].

Furthermore, plaintiffs' allegations. all of which appear to be based upon fraud, do not comply with the heightened pleading standard of F.R.C.P. 9(b), which applies to predicate acts of fraud for a RICO

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES   Page 8