1   claim. <u>Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.</u>, 940

2   F.2d 397, 405 (9th Cir. 1991). This heightened standard requires

3   that a plaintiff detail with particularity the time, place and manner

4   of each act of fraud, plus the role of each defendant in each scheme.

5   <u>Lancaster</u>, supra.

6        Second, to allege a violation of mail fraud under 18 <u>U.S.C.</u>

7   §1341 (and, likewise, wire fraud under <u>U.S.C.</u> §1343), "it is

8   necessary to show that (1) the defendants formed a scheme or artifice

9   to defraud; (2) the defendants used the United States mails or caused

10  a use of the United States mails in furtherance of the scheme; and

11  (3) the defendants did so with the specific intent to deceive or

12  defraud." <u>Schreiber Dist. Co. v. Serv-well Furniture Co.</u>, 806 F.2d

13  1393, 1400 (9th Cir. 1986). Plaintiffs here fail to provide any facts

14  regarding the time and place of each act of fraud and the roles of

15  each defendant in those acts.

16       Third, plaintiffs' generalized narrative does not set forth the

17  other prerequisite statutory elements for a RICO violation, such as

18  causation.

19       The only allegation alluding to any continuous pattern of

20  racketeering activity is paragraph 35 and an earlier (incomplete

21  sentence) in paragraph 27 of the Complaint stating: "Ed learned that

22  said defendants had falsified loan documents, mis-stated applicant

23  income, and engaged in other fraudulent, and/or quasi-criminal

24  activity in order to unlawfully..." Other than this conclusory

25  statement, a court determining whether the predicate acts to a

26  violation have been properly pled is left to the task of finishing

27  plaintiff's sentence and guessing what loan documents were falsified,

28

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES        Page 9

by and for whom, how often, in what manner, and when the alleged acts of falsification and fraud occurred. Merely inserting an unsupported litany alongside a still vaguer reference to "fraudulent, and/or quasi-criminal activity" is wholly insufficient to meet the prerequisites for a RICO claim.

IV

**Any allegations based upon fraud or mistake must be pled with particularity.**

A reading of the entire complaint seems to indicate that plaintiffs RICO claims are based upon fraud allegations and, if so, plaintiffs must specifically plead such allegations. As to all alleged predicate acts that sound in fraud, plaintiffs are required to meet the heightened pleading requirements of F.R.C.P. §9(b), by specifically alleging the time(s), place(s), manners of the fraudulent representations or acts, and the parties to the fraudulent acts or representations. Schreiber Dist. Co. v. Serv-well Furniture Co., supra, at 1401. These fraud claims are not set forth with the particularity required by F.R.C.P. §9(b), which indicates that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

There is certainly a dearth of facts establishing the "circumstances constituting fraud." The Ninth Circuit has required the pleading of evidentiary facts, such as time, place, persons, statements, and explanations of why statements are misleading. In re Glenfed, Inc. Sec. Litig. (1994) 42 F.3d 1541, 1547 n.7. Here, plaintiffs fail to plead any such facts.

The plaintiffs' allegations of mail fraud and wire fraud, along

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES          Page 10

1 with the averment of interstate transportation and sale of

2 fraudulently obtained goods fail to set forth the facts constituting

3 the fraud(s) with the particularity required by F.R.C.P. §9(b), nor

4 do the allegations meet the F.R.C.P. §8 requirement of a short and

5 plain statement that puts forth the grounds for relief and provides

6 defendants with notice of the claims against them. These deficiencies

7 warrant a dismissal of plaintiffs' RICO claims pursuant to F.R.C.P.

8 §12(b)(6).

9                                    V

10          **Plaintiffs' RICO allegations are barred by the**
            **applicable Four Year Statute of Limitations.**
11

12          The Supreme Court has held that civil RICO claims are governed

13 by the four-year limitations period for private antitrust damage

14 suits set forth in Section 4B of the Clayton Act. Agency Holding

15 Corp. v. Malley-Duff & Assocs., Inc. (1987) 483 U.S. 143, 150-152.

16 The complaint alludes to the fact that the alleged RICO violations

17 occurred during the employment of Ed and came to the attention of Ed

18 during his employment by Strategic, which ended on April 29, 2005.

19 All the predicate acts applicable to the RICO claims set forth in the

20 complaint occurred prior to Ed's employment termination. This

21 complaint was then filed more than 4 years later and is time-barred.

22 Dismissal is appropriate when the plaintiff pleads himself out of

23 court by alleging facts sufficient to establish the complaint's

24 tardiness. Hollander v. Brown 457 F.3d 688, 691 (C.A.7 Ill. 2006).

25

26 ///

27 ///

28

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

1    ///

2                                    VI

3          **The allegations of Ed Summerfield are all based upon
4    his employment by Strategic which should be litigated in a
     state action.**

5          Ed's allegations regarding his employment give rise to a State

6    Action, not a federal question to be litigated by this court.

7          Ed's initial complaint (Exhibit B), brought in state court,

8    contains the same allegations as the complaint in this action. Those

9    employment allegations (breach of contract and intentional tort

10   allegations) are not actions giving rise to a federal lawsuit.

11

12         In a similar case where an employee attempted to invoke federal

13   RICO jurisdiction over a wage and hour claim (with substantially

14   greater factual allegations than here), the Ninth Circuit refused to

15   condone plaintiff's effort to transform a California state law wage

16   and hour claim into a federal Rico claim, commenting that "We decline

17   to expand RICO's reach to transform the federal courts into a general

18   venue for ordinary state wage disputes." <u>Miller v. Yokohama Tire

19   Corporation</u> (2004) 358 F.3d 616.

20         Interestingly, the Miller case was initially brought in the

21   California Superior Court, as was Ed's claim, and then subsequently

22   remanded to that Court upon dismissal of the federal action. Here,

23   plaintiff voluntarily dismissed his California state court action

24   "without prejudice." Upon dismissal of this action, he is free to

25   renew his action in the California state courts.

26

27   ///

28

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES        Page 12

///

## VII

**This Court should decline to exercise supplemental jurisdiction over the claims of defendant, Ed Summerfield, as such claims are not so related to the claims of defendants, Arthur and Rita Summerfield, that they form part of the same case or controversy.**

Here, Ed has filed this action alleging the identical state claims that he brought in the Santa Clara County Superior Court. In an attempt to have this court adjudicate his employment related claims, he has joined his parents as plaintiffs and included RICO claims of Arthur in this complaint. Ed is attempting to bootstrap his claims and controversy onto the claims of his parents so as to invoke the jurisdiction of this court over his state-based claims. A review of the complaint shows that the claims of Arthur are distinct and separate from Ed's assertions.

Ed's claims are all based upon his employment by Strategic and his relationship with Ali in that employment and are California based state claims. The claims of Arthur and Rita (if any she has) are, at best, RICO-based fraud claims regarding stock trading and loan activities. The claims are distinct and separate and should not be jointly adjudicated by this court.

Ed has prosecuted a state action regarding his claims and, when it appeared obvious that he would lose that action, he voluntarily dismissed his complaint, then attempted to bring his claims before this court by piggybacking them on the independent claim of his parents.

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

**MEMORANDUM OF POINTS AND AUTHORITIES**          Page 13

28 U.S.C. §1367 allows a federal court to exercise supplemental jurisdiction "where the relationship between the federal and state claims is such that they 'form *part of the same case or controversy* under Article III of the United States Constitution.' [28 USC §1367(a)(emphasis added)]" California Practice Guide, Federal Civil Procedure Before Trial (Rutter Group) ¶2:146.

The Supreme Court has held that a single case existed whenever the state and federal claims arose from "a common nucleus of operative facts" such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." United Mine Workers v. Gibbs (1966) 383 US 715, 725.

"Because the language of §1367(a)...was derived from United Mine Workers, it seems virtually certain that the "common nucleus of operative facts" test will continue to be the standard for supplemental jurisdiction." California Practice Guide, Federal Civil Procedure Before Trial (Rutter Group) ¶2:147.

Thus, where a plaintiff has claims based upon a common nucleus of operative facts, that plaintiff would ordinarily be expected to try all the claims in a single judicial proceeding. Here, however, Ed's claims are distinct and separate from the claims of Arthur and Rita and there is no expectation that they be tried in the same proceeding. Ed has already elected to pursue his claims in California state court independent of Arthur and Rita's claims and there is no equitable reason why he should now be allowed to re-litigate those claims in this court.

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES          Page 14

1  ///

2  ### VIII

3  **The primary purpose of this action is to adjudicate**
4  **Ed's employment related claims, which substantially**
   **predominate over the purported RICO claims of Arthur and**
5  **Rita and the Court should decline to exercise supplemental**
   **jurisdiction over Ed's claims.**

6

7  As indicated above, in any action where the district court has

8  original jurisdiction, the court may exercise supplemental

9  jurisdiction over all other claims that are so related to claims in

10 the action that they form part of the same case or controversy. 28

11 U.S.C. §1367(a). However, 28 U.S.C. §1367(c) provides that "The

12 district courts may decline to exercise supplemental jurisdiction

13 over a claim under subsection (a) if -... (2) the claim substantially

14 predominates over the claim or claims over which the district court

15 has original jurisdiction."

16
   Here, the predominant claims are Ed's state-based contractual
17
   and tort based claims. The RICO claims brought by Arthur and Rita are
18
   ancillary, at best, and are clearly dominated by Ed's claims. This
19
   Court should decline to exercise supplemental jurisdiction over Ed's
20
   claims, relegating those claims to the California state court, where
21
   they have already been brought.
22

23                              ### IX
24
   **The claims of defendant, Ed, are all barred by the**
25 **applicable statute of limitations periods set forth in**
   **California State statutes.**
26
   Ed claims that this court may litigate his state claims under
27

28

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES          Page 15

the doctrine of supplemental jurisdiction. While defendant urges that this court decline to adjudicate the state claims (see above), a review of those state claims shows that they are all barred by the applicable California Statutes of Limitations and must be dismissed on that basis.

A

### Second Cause of Action: Negligence

All the actions of defendants that support this cause of action are alleged to have occurred prior to April 29, 2005, the date Ed's employment was terminated.

If the negligence claims are based upon the employment contract between Ed and Strategic, then the applicable Statute of Limitation would be no greater than 4 years pursuant to California Code of Civil Procedure §337 (written contract). If, on the other hand, negligence is the basis for Ed's claims of personal injuries, the 2 year limitation of California Code of Civil Procedure §335.1 would apply. Since this action was filed on June 12, 2009, over 4 years from the operative dates alleged in the complaint, the negligence cause of action is time-barred.

B

### Third Cause of Action - Breach of Fiduciary Duty

Under California law, Breach of Fiduciary Duty allegations may be subject two different Statute of Limitation periods. When the alleged breach is based upon actual or constructive fraud, Code of Civil Procedure §338 mandates a 3 year limitations period. However,

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES        Page 16

a Breach of Fiduciary Duty that does not amount to actual or constructive fraud is governed by the Code of Civil Procedure §343 four year "catch-all" statute of limitations [Stalberg v. Western Title Insurance Co. (1991) 230 CA 3d 1223, 1230, 282 CR 43, 48] California Practice Guide, Civil Procedure Before Trial, Statutes of Limitations (Rutter Group) ¶4:1791. No matter which limitation period applies, plaintiffs' breach of fiduciary duty claims, which are based upon actions occurring during Ed's employment, are time-barred as this action was filed more than 4 years after the termination of that employment.

While unclear, incomplete and vague, this cause of action appears to also claim a breach of fiduciary duty owed to Arthur and Rita. However, plaintiffs fail to assert the basis for their allegation of a fiduciary relationship between defendants and plaintiffs. In any event, the complaint only alleges activities between defendants and Arthur during the period of Ed's employment and never claims that any relationship existed between defendants and either Arthur or Rita after the termination of Ed's employment. Since this action was brought more than 4 years after the termination of Ed's employment, any breach of fiduciary duty action is time-barred.

C

### Fourth Cause of Action - Breach of Contract

In the Fourth Cause of Action, Ed alleges that defendants breached an employment contract between Ed and defendants. Ed's employment was terminated on April 29, 2005, which is the last

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES          Page 17

operative breach of the employment contract. This action was brought on June 12, 2009, more than 4 years later and, if the employment agreement was a written contract as alleged by Ed, California Code of Civil Procedure §337 requires that an action based upon such a written contract must be brought within 4 years. This cause of action is therefore time-barred.

D

**Fifth Cause of Action:**
**Breach of Covenant of Good faith and Fair Dealing**

The boilerplate and conclusory allegations of this complaint fail to state a cause of action. Generally, allegations claiming a breach of a covenant of good faith and fair dealing have arisen in a contractual or insurance bad faith setting, but it has been held that either a tort 2 year statute of limitations (Code of Civil Procedure §339) applies or a 4 year statute of limitations for breach of a written contract (Code of Civil Procedure §337) applies. [California Practice Guide, Civil Procedure Before Trial, Statutes of Limitations (Rutter Group) ¶¶4:1153 & 4:1162]. Here, all operative facts occurred more than 4 years before the bringing of this action and are barred by those Statutes of Limitations.

E

**Sixth Cause of Action:**
**Unpaid wages, unreimbursed expenses and related Labor Code claims.**

California statutory wage and hour claims as alleged in this cause of action are subject to the 3 year statute of limitations set forth in Code of Civil Procedure §338(a) for an action based upon a

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

liability created by statute. [California Practice Guide, Civil Procedure Before Trial, Statutes of Limitations (Rutter Group) ¶4:1287]. Here, all plaintiff's wage claims arose no later that the termination of his employment more than 4 years prior to the commencement of this action and, therefore, are barred by the provisions of CCP §338(a).

### CONCLUSION

This complaint fails to state a cause of action against defendants. It should be dismissed with direction to plaintiff(s) that they may seek relief in the California state courts.

Respectfully submitted,

Dated: January 4, 2010

_____/s/_____
Vincent J. Kilduff
Attorney for Defendant,
ALI WEICHLER

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400