\*\* **E-filed April 2, 2010** \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ED SUMMERFIELD, ARTHUR SUMMERFIELD, and RITA SUMMERFIELD,<br><br>Plaintiffs,<br>v.<br><br>STRATEGIC LENDING CORPORATION, ALI WEICHLER, LEONARDO "LEO" AGUSTIN, ERIC SWENSON, and DOES 1–30,<br><br>Defendants.<br>_____ / | No. C09-02609 HRL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**[Re: Docket No. 14]** |

In June 2009, plaintiff Ed Summerfield and his parents, plaintiffs Arthur and Rita Summerfield, sued defendants Strategic Lending Corporation ("Strategic"), Ali Weichler, Leonardo Agustin, and Eric Swenson, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68, the California Labor Code, and common law provisions. Defendants Weichler and Swenson now move to dismiss the complaint for failure to state a claim and for lack of subject-matter jurisdiction over the state law claims.[1] Plaintiffs oppose the motion. Upon consideration of the motion papers and the arguments presented at the motion hearing, the court grants defendants' motion.[2]

---

[1] Swenson initially filed his own motion, but then joined the instant motion. (Docket Nos. 24, 28.)

[2] Plaintiffs have not yet served defendants Strategic and Agustin with their complaint. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties who have appeared in this action have

**LEGAL STANDARD**

On motion, a court may dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Yet only plausible claims for relief will survive a motion to dismiss. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1950. Thus, simply tracking statutory language is insufficient to properly raise a claim for relief. *Twombly*, 550 U.S. at 555.

**DISCUSSION**

Plaintiffs allege that in 2003, Weichler induced Ed to join Strategic, a mortgage company, with a "guarantee" that Ed would make one million dollars a year by the fourth year. (Compl. ¶ 13.) Ed claims that he took the job in reliance on Weichler's statements, but that things did not go as planned. The complaint provides a lengthy list of the various wrongs that Weichler allegedly committed against Ed during Ed's employment, which ended on April 29, 2005.[3] (Compl. ¶ 28.)

Plaintiffs claim that while Ed worked for Strategic, Weichler met Ed's parents and convinced them "to re-finance their home, to take a line of equity against their home, and to borrow heavily on other property, all to the benefit and unlawful gain of the defendants." (Compl. ¶ 29.) They also allege that Weichler "[took] advantage of Arthur's diminished capacity and advanced age" to "steer[] Arthur into day trading and force[] Arthur to keep steady losses from Rita and Ed."

///

---

expressly consented that all proceedings may be heard and finally adjudicated by the undersigned. Defendants who have not been served are not deemed "parties" to the action within the rules requiring consent to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995); *see also United States v. Real Prop.*, 135 F.3d 1312, 1317 (9th Cir. 1998).

[3] Ed sued defendants in state court concerning his labor dispute, but he dismissed the case without prejudice on the same day plaintiffs filed the instant case in federal court. (Compl. ¶ 8); *see Summerfield v. Strategic Lending Corp.*, No 1-CV-07084987 (Santa Clara County Super. Ct. filed Apr. 30, 2007).

United States District Court
For the Northern District of California

2

(Compl. ¶ 30.) According to the complaint, Arthur lost approximately $400,000 and had to borrow money from Strategic to account for the loss.

Based on these events, plaintiffs plead one federal claim and five state claims. The court will first address plaintiffs' federal RICO claim.

**A.     RICO**

RICO forbids "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1692(c). To state a claim for violation of this section, a plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497 (1985).

Plaintiffs plead that "defendants engaged in 'racketeering activity' such as mail fraud, wire fraud, and interstate transportation and sale of fraudulently obtained goods." (Compl. ¶¶ 33–34.) They also allege that "defendants conspired to perform these unlawful acts" and that the acts directly damaged plaintiffs' property by "taking advantage of Arthur's diminished mental capacity, using and abusing the trust Rita placed in Weichler because of a personal relationship with Weichler's mother, and the false promises Weichler made to Ed." (Compl. ¶¶ 35–36.)

Defendants argue that plaintiffs fail to state a RICO claim. They say that the complaint is really all about Ed's underlying employment dispute with defendants, and that Rita and Arthur are only present in the lawsuit in an attempt to obtain supplemental jurisdiction over Ed's employment claims. They assert that as a result, plaintiffs have failed to show that defendants proximately caused plaintiffs any harm through any unlawful conduct. They also say that plaintiffs have not pled with particularity the fraudulent acts that might support a charge of racketeering or that any such activities occurred within RICO's four-year statute of limitations.

In response, plaintiffs argue that they have standing to assert a RICO claim because "clearly" Rita and Arthur "were directly damaged by the fraudulent loans and other conduct of the defendants." (Opp'n 5.) They also claim Ed has standing because defendants' actions damaged "his inheritance and his credit score" as well as his property interest in having his business relations

3

unhampered by RICO schemes. (*Id.*)  Finally, they aver that they can provide specific dates and acts though August 2005 to plead their allegations of fraud with particularity.

For a plaintiff to have standing to allege a violation of § 1692(c), the plaintiff must show "(1) that his alleged harm qualifies as injury to his business or property; and (2) that his harm was 'by reason of' the RICO violation, which requires the plaintiff to establish proximate causation." *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008).  However, "[f]inancial loss alone . . . is insufficient" to allege an injury to property. *Id.* at 975.  In addition, "[p]roximate causation requires 'some direct relation between the injury asserted and the injurious conduct alleged.' " *Id.* at 891 (quoting *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)).

Plaintiffs have failed to establish that they have standing to assert a RICO claim.  Although plaintiffs claim that the loans Arthur and Rita obtained from defendants were not ideal and that Arthur lost a significant amount of money in day trading, they have not alleged anything more than financial loss.  Nor does the laundry list of events concerning Ed's employment dispute support that Ed suffered any injury to his property at all.  Plaintiffs further fail to specify how any injury to their business or property was related directly to defendants' actions.  Indeed, plaintiffs offer nothing more than conclusory statements that cannot survive a motion to dismiss.

Even if plaintiffs had pled sufficient facts to establish standing, the complaint still fails to raise a plausible RICO claim.  Plaintiffs merely recite the elements of RICO without any factual support.  They also fail to plead defendants' alleged underlying fraud with particularity.  Fed. R. Civ. P. 9(b); *see also Odom v. Microsoft Corp.*, 486 F.3d 541, 553–54 (9th Cir. 2006) (holding that where a plaintiff alleges fraud as the predicate act of racketeering activity, he must plead that fraud with particularity).  Even more, as the complaint only provides facts concerning Weichler's actions, plaintiffs fail to state a plausible RICO claim against defendant Swenson. *See Walter v. Drayson*, 538 F.3d 1244, 1247–49 (9th Cir. 2008) (noting that RICO liability requires an element of direction in the enterprise's affairs).

Furthermore, plaintiffs have failed to show that they filed the instant lawsuit within RICO's four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1983).  Plaintiffs filed their complaint in June 2009.  Yet they plead that the events at

4

issue took place "while Ed worked for Weichler"—and Ed's employment with Strategic ended more than four years earlier, in April 2005. (Compl. ¶¶ 28–29.) Moreover, plaintiffs' assertion that they did not learn of the alleged harm until late 2005 and early 2006 is insufficient to allege equitable tolling of the statute. *See Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) ("Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time.").

Finally, plaintiffs' allegation that defendants conspired to violate RICO also fails to state a plausible claim for relief. RICO provides that it is unlawful for a person to conspire to violate the Act. § 1692(d). But plaintiffs make no attempt to support their allegation of a conspiracy beyond stating that defendants conspired. To be sure, plaintiffs do not assert any facts that "raise a reasonable expectation that discovery will reveal evidence of illegal agreement" between the defendants. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007). Again, such conclusory allegations fail to state a claim.

**B.   State Claims**

Plaintiffs' complaint includes several state claims, including those that allege various California Labor Code violations on behalf of only Ed. The court declines to exercise supplemental jurisdiction over these claims unless and until plaintiffs adequately plead a federal claim. Accordingly, these claims are dismissed without prejudice.[4]

## CONCLUSION

Based on the foregoing:

1. Defendants' motion to dismiss plaintiffs' RICO claim is granted with leave to amend.
2. The court declines to exercise supplemental jurisdiction over plaintiffs' state law claims.
3. Plaintiffs may file an amended complaint within fourteen days of this order.
4. Plaintiffs have thirty days to serve the remaining defendants.

---

[4] Although the court is only looking to the federal claim at this time, it encourages plaintiffs to evaluate the seemingly similar factual deficiencies in their state claims. Plaintiffs are well advised to ensure that their state claims in any amended complaint also plead sufficient facts to raise plausible claims for relief, including how these claims concern the same case or controversy as their RICO allegations and how they avoid the applicable statutes of limitations.

5

5. The Initial Case Management Conference is continued to June 8, 2010 at 1:30 p.m. The parties shall file a joint case management statement by June 2, 2010.

**IT IS SO ORDERED.**

Dated: April 2, 2010



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 09-02609 HRL** Notice will be electronically mailed to:

| | |
|---|---|
| Jonathan Harold Miller | jhmillerlaw@gmail.com |
| Russell Alan Robinson | rarcases@yahoo.com, lawrs@ymail.com |
| Vincent J. Kilduff | kildufflaw@aol.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California