VINCENT J. KILDUFF, S.B. #57494
Law Offices of
Vincent J. Kilduff
181 Devine Street
San Jose, Calif. 95110
(408) 279-4400

Attorney for defendant,
Ali Weichler

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ED SUMMERFIELD, ARTHUR SUMMERFIELD, RITA SUMMERFIELD, <br><br> Plaintiffs, <br><br> vs. <br><br> STRATEGIC LENDING CORPORATION, ALI WEICHLER, LEONARDO "LEO" AGUSTIN, ERIC SWENSEN, DOES 1-30, <br><br> Defendants. | Case No. C09-02609 HRL <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND FOR AWARD OF SANCTIONS <br><br> Date of Hearing: 6/15/2010 <br> Time of Hearing: 10:00 A.M. <br> Courtroom No. 2 <br> Hon. HOWARD R. LLOYD |

INTRODUCTION AND STATEMENT OF THE ISSUE

This motion is brought pursuant to FRCP §41(b), on the grounds that plaintiffs have failed to comply with the Order allowing them to file an amended complaint within 14 days after entry of the order on April 2, 2010 granting defendants' motion to dismiss.

This motion further seeks an award of monetary sanctions against plaintiffs and their attorney pursuant to 28 U.S.C. 1927 and the

---

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES

Court's inherent power.

## BACKGROUND FACTS IN SUPPORT OF THE MOTION

On June 12, 2009, plaintiffs filed their Complaint for Damages in this action and, on December 16, 2009, the Summons and Complaint were served on defendant, Ali Weichler.

On January 4, 2010, defendant filed his motion to dismiss pursuant to FRCP §§12(b((1) and 12(b)(6). After a hearing on March 30, 2010, the Court entered (on April 2, 2010) its order granting defendants' motion to dismiss the complaint. However, that Order also provided that "Plaintiffs may file an amended complaint within fourteen days of this order."

On April 16, 2010, plaintiffs filed a pleading entitled First Amended Complaint for Damages. However, that document only contained two pages containing any intelligible pleading information and the remaining 15 pages contained only computer instruction/error messages that provided no legal pleading information. It would appear, at first glance, that a computer error caused the substantive content of last 15 pages of the First Amended Complaint to be electronically corrupted. However, as indicated below, that was not what happened.

Interestingly, plaintiffs never provided a paper "Chambers Copy" of this First Amended Complaint to the Court, as required by Local Rule.

When the court clerk realized that a proper and complete First Amended Complaint had not been filed, she (a) contacted plaintiffs' counsel on no more than 2 occasions, (b) received his assurance that

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

he would immediately file a complete and correct copy of the First Amended Complaint and (c) made a docket entry to disregard the incomplete and unintelligible First Amended Complaint filed on April 16, 2010.

To Date, no proper and complete amended complaint has been filed.

## ARGUMENT

### I

**The Court should dismiss Plaintiffs' First Amended Complaint pursuant to FRCP §41(b) for plaintiffs' failure to comply with the Court order that an amended complaint be filed on or before April 16, 2010.**

In its order entered April 2, 2010, the Court gave plaintiffs 14 days to file an amended complaint. On April 16, 2010, plaintiffs electronically filed a purported First Amended Complaint which appeared to have been electronically corrupted so that only 2 page contained intelligible legal pleadings.

Plaintiffs failed to submit a courtesy paper copy of the First Amended Complaint designated a "Chambers Copy" as required by General Order No. 45.VI.G.

Plaintiffs' counsel was contacted by the Court and advised to file another copy of the First Amended Complaint and, on April 22, 2010, the court clerk made an entry on the docket indicating that the document filed as First Amended Complaint should be disregarded, with the document to be refiled. That document has not been refiled, nor has any other First Amended Complaint been filed. It is now one month since the Order granting plaintiffs 14 days to file an amended complaint was filed, 16 days since the date the amended complaint was

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES    Page 3

due, and 9 days since the clerk indicated that the corrupted amended complaint was to be disregarded and refiled.

Plaintiffs have failed to comply with the Court order entered on April 2, 2010. The action should be dismissed pursuant to FRCP §41(b).

II

**Plaintiffs have filed a sham pleading intended to mislead the Court and defendants and sanctions should be imposed against plaintiffs and their attorney.**

The document filed by plaintiffs purported to be a First Amended Complaint was a sham pleading intended to mislead the court and defendant into believing some "computer glitch" caused the last 15 pages of the document to contain unintelligible computer language and not substantive legal pleading.

However, after analysis, it has been determined that the last 15 pages of that document were not generated by a computer glitch, but were created intentionally by someone intending to create the document by "cutting and pasting" the content of the pleading.

While the expert declaration to be filed herein will explain the basis for this contention, the undersigned would like to point out that the pleading paper information (margin lines) and numerical line designations are intact throughout the document. If the document had become corrupted during the creation of a pdf file or during the electronic transmission of that file to the Court, all of the page would have been corrupted, not just the body of the pleading. The unintelligible body of pages 3-17 was pasted or printed onto clean pleading paper, then a pdf file was created and submitted to the

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES            Page 4

court.

Plaintiffs' tactics cannot be condoned. This Court should take appropriate action, including the imposition of substantial sanctions on plaintiffs and their attorney.

## CONCLUSION

Plaintiffs have failed to timely file an amended complaint, but have, instead filed a sham pleading intended to mislead the court and defendants. Plaintiffs complaint and action should be dismissed and substantial sanctions imposed on plaintiffs and their counsel.

Respectfully submitted,

Dated: May 2, 2010

_____/s/_____
Vincent J. Kilduff
Attorney for Defendant,
ALI WEICHLER

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400