Russell A. Robinson, 163937
Law Office of Russell A. Robinson
345 Grove Street, First Floor
San Francisco CA 94102
TEL:   415.255.0462
FAX:   415.431.4526

Counsel for Plaintiffs
ED SUMMERFIELD, ARTHUR
SUMMERFIELD, and RITA SUMMERFIELD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ED SUMMERFIELD, ARTHUR SUMMERFIELD, and RITA SUMMERFIELD, <br><br> Plaintiffs, <br><br> v. <br><br> STRATEGIC LENDING CORPORATION, ET AL., <br><br> Defendants. | No.   C-09-2609-HRL <br><br> **NOTICE OF CROSS-MOTION AND CROSS-MOTION TO STRIKE IMPERTINENT AND/OR SCANDALOUS PLEADINGS, AND FOR SANCTIONS; DECLARATION IN SUPPORT; EXHIBITS** <br> [Jury Trial Demanded] <br> Date:        June 29, 2010 <br> Time:        10:00 a.m. <br> Courtroom 2 <br> Honorable Howard R. Lloyd |

**I.    NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 29, 2010, at 10:00 a.m., or as soon as may be heard, in courtroom 2 of the above court, Plaintiffs Ed Summerfield, Arthur Summerfield, and Rita Summerfield shall and do hereby move this Court, for an Order pursuant to Federal Rules of Civil Procedure, Rule 12(f) to strike the impertinent and/or scandalous pleadings filed by Defendants Ali Weichler and Eric Swensen, as well as for sanctions against said defendants and their counsel of record.

This motion is based on Federal Rules of Civil Procedure, Rule 12(f), 28 USC §1927, and Civil Local Rules (CLR), Rule 7-8; and, is supported by the papers filed in support, any

1  reply, the Court's entire file herein, and such things as may be presented at oral argument on said
2  motion.

3      The two motions, set for hearing on June 15, 2010, to dismiss and supporting materials
4  are impertinent and/or scandalous and must be stricken as a matter of law.

5      Defendant Eric Swensen apparently filed for bankruptcy protection January 26, 2010
6  (Chapter 13), converted that bankruptcy to a Chapter 7 on March 29, 2010 (one day before the
7  hearing on the initial motions to dismiss), and has never filed herein a Notice of Automatic Stay
8  mandated by 11 USC §362, et seq.  Thus, all conduct by Swensen in this case since the filing of
9  his petition is impertinent and/or scandalous as a matter of law and his filings should be stricken.

10     Defendant Ali Weichler is represented by attorney Vince J. Kilduff.  Kilduff, suspended
11 from the practice of law in 1997, had his name was removed from the roll of attorneys licensed
12 to practice in the Northern District.  Kilduff, in contravention of rules, never sought
13 reinstatement upon completion of the period of suspension, disbarment or disciplinary probation
14 by filing a petition with the Clerk, together with proof of any reinstatement by the reciprocal
15 jurisdiction.  Thus, all conduct by Weichler in this case *ab initio* is impertinent and/or scandalous
16 as a matter of law and his filings should be stricken.

17     Sanctions for the cost of opposing the earlier void – joint – motions and in opposing the
18 present void – joint – motions exceed $7,350.  Plaintiff seek these monetary sanctions from both
19 defendants and their attorneys (Vince Kilduff and Jonathon Miller), who share joint and several
20 liability for said sanctions.

22 Date:  May 25, 2010        /s/ Russell A. Robinson
23     Law Office of Russell A. Robinson
    By:   Russell A. Robinson
24     Attorneys for Plaintiffs
    ED SUMMERFIELD, ARTHUR SUMMERFIELD, and
    RITA SUMMERFIELD

28 *Summerfield, et al., v. Strategic, et al.* (No. C-09-2609-HRL)
NOTICE OF CROSS-MOTION AND CROSS-MOTION TO
STRIKE IMPERTINENT AND/OR SCANDALOUS PLEADINGS,
& FOR SANCTIONS; DECLARATION IN SUPPORT; EXHIBITS  - 2 -

1  **II.  MEMORANDUM**

2   There are presently two motions, or, more accurately, one joint motion to dismiss. The motions are based on a fallacy promulgated by defense counsel. While the ostensible merits of said motions are addressed in the opposition filed herewith, defendants and their attorneys make false and void allegations against Plaintiffs and Plaintiffs' counsel.

6   **A.  Facts And Legal Analyses.**

7   **(1)  Swensen's Bankruptcy.**

8   The filing of a bankruptcy petition immediately gives rise to an automatic stay. The stay applies to block or freeze actions by and against a debtor. It also permits parties to recoup "any actual damages," including attorney fees, that result from a willful stay violation. *See*, 11 USC. §362, *et alia*. Facts with regard to this action, related to Swensen's bankruptcy, are as follows:

12  This action was filed on June 12, 2009. [Exhibit 5]

13  Swensen was served December 19, 2009. [Exhibit 5]

14  Swensen filed for Chapter 13 bankruptcy January 26, 2010. [Exhibit 1

15  The initial list of Swensen's creditors did not include any plaintiff herein, but it did include Ali Weichler and Leo Agustin. [Exhibit 2]

17  Swensen moved to extend the time to file his schedules on March 14, 2010. [Exhibit 3]

18  Swensen then amended his list of creditors on March 29, 2010, one day before the March 30, 2010, hearings in this case on the initial Rule 12(b)(6) motions. [Exhibits 4 & 5]

20  Weichler and Agustin remained judgment creditors, and Swenson added Ed Summerfields as a creditor as well. [Exhibit 4, p. 4]

22  This Court granted, with leave to amend, the initial Rule 12(b)(6) motions on April 2, 2010. [Exhibit 5]

24  The First Amended Complaint, somehow corrupted by a computer problem, was timely filed on April 16, 2010, late at night. [Exhibit 5; Decl. Of Robinson]

26  On about April 20, 2010, before filing a corrected version of the First Amended Complaint, Robinson initially received notice of the Swensen bankruptcy, believing that all

28  *Summerfield, et al., v. Strategic, et al.* (No. C-09-2609-HRL)
NOTICE OF CROSS-MOTION AND CROSS-MOTION TO
STRIKE IMPERTINENT AND/OR SCANDALOUS PLEADINGS,
& FOR SANCTIONS; DECLARATION IN SUPPORT; EXHIBITS  - 3 -

action in this matter was thus stayed. [Decl. Of Robinson] This was after a great deal of effort correcting the problems with the conversion from WordPerfect to PDF. [Decl. Of Robinson]

Swensen never received consent from the Trustee in bankruptcy to defend this action once Swensen created the bankruptcy estate and he never received – or even requested – consent to retain counsel and pay for so-called computer experts. [Exhibit 8]

Based on the law and the facts of this case, Swensen has violated myriad laws and rules related to his bankruptcy filing and defense in this action.  It is both curious and ironic that while Plaintiffs acted in reliance on the automatic bankruptcy stay imposed by law once learning of the filing, Swensen, Miller, Kilduff, and Weichler all continued to act as if the stay did not exist.

Pleadings filed by Swensen's attorney after January 26, 2010, are therefore impertinent and/or scandalous pleadings and should be stricken.

**(2)   Kilduff's Status.**

Civil Local Rules, Rule 11-7 states as follows:

**Reciprocal Discipline and Discipline Following Felony Conviction.**

(a) Notice. Any attorney admitted to practice in this Court who is convicted of a felony, suspended, disbarred or placed on disciplinary probation by any court, or who resigns from the bar of any court with an investigation into allegations of unprofessional conduct pending, must give notice to the Clerk in writing within 14 days of such event.

(b) Order to Show Cause. Unless referred to the Standing Committee on Professional Conduct, matters subject to reciprocal discipline on the grounds listed in paragraph (a) above shall be handled as follows:

    (1)    In such matters, the Chief Judge shall issue an order to the attorney that he or she show cause why the attorney should not be disbarred, suspended, placed on disciplinary probation or otherwise disciplined.

    (2)    If no response is received to an order to show cause within 28 days of mailing, the Chief Judge shall make an independent review of the record of the other proceedings to determine that there was no deprivation of due process, sufficient proof of misconduct, and that no grave injustice would result from the imposition of discipline. The Chief Judge shall issue an appropriate order.

    (3)    An attorney who wishes to contest reciprocal discipline must file with the Court a timely response to the order to show cause. The Chief Judge may then act on the matter, assign it to another judge or refer it to the Standing Committee on Professional Conduct for recommendation.

(4) An attorney disbarred, suspended or placed on disciplinary probation under the reciprocal discipline provisions of this rule may seek reinstatement upon completion of the period of suspension, disbarment or disciplinary probation by filing a petition with the Clerk, together with proof of any reinstatement by the reciprocal jurisdiction. An attorney disbarred by reason of a felony conviction may not petition for reinstatement until at least one year after entry of the disbarment order.

What appears to have happened with Kilduff is that an order to show cause was in fact issued pursuant to the reciprocal discipline rule, Kilduff was suspended, and Kilduff has never petitioned for reinstatement.  In fact, a review of the Northern District ECF website indicates that Kilduff – despite (mis)representations in his own declaration – has appeared in exactly three cases in the Northern District since 1997.

One, the above-referenced discipline case. [Exhibit 6] The second, a case removed from state court . [*Trivitte v. Healthcomp* (C-04-3125-PVT)] The third and final case is the present action. [Exhibit 7]

There are no other cases where Kilduff appears in the Northern District as attorney or party. [Exhibit 7] Both Eastern District and Central District of California do not include Kilduff as an attorney who has been counsel of record in any case. [Decl. Of Robinson]

CLR, Rule11-8 states as follows:

**Sanctions for Unauthorized Practice.**  "A person who exercises, or pretends to be entitled to exercise, any of the privileges of membership in the bar of this Court, when that person is not entitled to avail themselves of such membership privileges, shall be subject to sanctions or other punishment, including a finding of contempt."

**(3)    Sanctions.**

Between opposing the several motions, travel to/from San Jose, researching, reviewing court files (including this case and the *Trivitte v. Healthcomp* files), and the several hours which are anticipated to be needed to respond to oppositions/replies, counsel for Plaintiffs will expend over twenty-one hours; at his customary rate (previously approved in fee petitions) of $350/hour, this equates to $7,350.  [Decl. Of Robinson]

Thus, Plaintiffs seek as monetary sanctions in the amount of $7,350 from all counsel and

*Summerfield, et al., v. Strategic, et al.* (No. C-09-2609-HRL)
NOTICE OF CROSS-MOTION AND CROSS-MOTION TO
STRIKE IMPERTINENT AND/OR SCANDALOUS PLEADINGS,
& FOR SANCTIONS; DECLARATION IN SUPPORT; EXHIBITS   - 5 -

their clients, jointly and severally.

**B. CONCLUSION**

Based on the above and the attached, Plaintiffs request to have stricken the impertinent and/or scandalous pleadings filed by these defendants and their attorneys should be granted. Both sets have violated federal law and local rules, and have misrepresented the facts.

Because the behavior was as described above, sanctions in the amount of $7,350 from all counsel and their clients, jointly and severally.

Date: May 25, 2010  /s/ Russell A. Robinson
Law Office of Russell A. Robinson
By: Russell A. Robinson
Attorneys for Plaintiffs
ED SUMMERFIELD, ARTHUR SUMMERFIELD, and RITA SUMMERFIELD

**III. DECLARATION**

I, Russell A. Robinson, hereby declare as follows:

1. I am an attorney licensed to practice before all courts of this State and in the United States District Court, Northern District of California, and am Plaintiffs' counsel of record herein. The below true and correct facts are of my personal knowledge except facts stated as based on information and belief; as to facts so stated, I believe these to be true.

2. Attached as exhibits are true and correct copies of the following items, which are true and correct copies of what each purports to be:

    (1) Form B91, USBC, NDCal (San Jose) – Eric Swensen, filed 02/11/10

    (2) 02/11/10 Notice Recipients;

    (3) 03/14/10 Second *Ex Parte* Application re: Eric Swensen;

    (4) Amended - Verification of Creditor Matrix, 03/29/10;

    (5) Civil Docket, case number C-09-2609-HRL;

    (6) Civil Docket, case number C-97-2118-VRW;

    (7) Query: Case Search, Kilduff, Vince, NDCal.

    (8) Bankruptcy Docket, case number 10-50739; and,

    (9) Creditors, case number 10-50739.

3. The First Amended Complaint, somehow corrupted by a computer problem, was timely filed on April 16, 2010, late at night. It was not a "cut-and-paste" effort. I cannot explain what happened to cause the problem except to state that I have had the same problem on other occasions and it appears to be an issue with my PDF or WordPerfect software.

4. On about April 20, 2010, before filing a corrected version of the First Amended Complaint, I initially received notice of the Swensen bankruptcy, believing that all action in this matter was thus stayed. This was after a great deal of effort correcting the problems with the conversion from WordPerfect to PDF.

5. We did not purposefully cause any delay or expense in this action. Mr. Kilduff and Mr. Swensen never met and conferred with me over the defective first amended complaint.

6. Between opposing the several motions, travel to/from San Jose, researching, reviewing court files (including this case and the *Trivitte v. Healthcomp* files), and the several hours which are anticipated to be needed to respond to oppositions/replies, I as counsel for Plaintiffs will expend over twenty-one hours; at my customary rate (previously approved in fee petitions) of $350/hour, this equates to $7,350. Thus, Plaintiffs seek as monetary sanctions in the amount of $7,350 from all counsel and their clients, jointly and severally.

I, Russell A. Robinson, hereby declare under penalty of perjury and under the laws of the State of California that the above is true and correct.

Date: May 25, 2010      /s/ Russell A. Robinson
                Law Office of Russell A. Robinson
                By: Russell A. Robinson
                Attorneys for Plaintiffs
                ED SUMMERFIELD, ARTHUR SUMMERFIELD, and RITA SUMMERFIELD