Russell A. Robinson, 163937
Law Office of Russell A. Robinson
345 Grove Street, First Floor
San Francisco CA 94102
TEL:  415.255.0462
FAX:  415.431.4526

Counsel for Plaintiffs
ED SUMMERFIELD, ARTHUR
SUMMERFIELD, and RITA SUMMERFIELD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ED SUMMERFIELD, ARTHUR SUMMERFIELD, and RITA SUMMERFIELD, | ) No.    C-09-2609-HRL ) |
| | ) **OPPOSITION TO MOTIONS TO** |
| Plaintiffs, | ) **DISMISS AND FOR SANCTIONS;** |
| | ) **DECLARATION IN SUPPORT;** |
| v. | ) **EXHIBITS** |
| | ) [Jury Trial Demanded] |
| STRATEGIC LENDING CORPORATION, ET AL., | ) Date:         June 15, 2010 |
| | ) Time:         10:00 a.m. |
| | ) Courtroom 2 |
| Defendants. | ) Honorable Howard R. Lloyd |
| | ) |

## I.    OPPOSITION

Rather than meet and confer, and instead of complying with federal law and local rules, both moving defendants seek to hit the proverbial pitch out of the park; that is, they falsely lay claim to high moral ground in their joint motion(s) while failing to advise the Court of the true status of material matters in this case.  Their efforts should fail.

The joint motion(s) should be denied, as should the request(s) for sanctions.  When the First Amended Complaint was filed by Plaintiffs' counsel late the night of April 16, 2010, something happened which was not discovered until a clerk of the court brought it to the attention of Plaintiffs' counsel.  Then, after a lengthy effort to correct the formatting error caused by machine or software or both, Plaintiffs received notice about April 20, 2010, that Defendant

1   Eric Swensen filed for bankruptcy protection on January 26, 2010 – but Swensen never notified

2   this Court; notice had only been given to his co-defendants.

3          Additionally, despite being expelled from the practice of law in the Northern District of

4   California in 1997, Ali Weichler's counsel, Vince Kilduff, never petitioned for reinstatement.

5   Thus, all pleadings by Kilduff should be disregarded.

6          To repeat: The motion(s) and sanction request(s) should be denied.

7   **II.     MEMORANDUM**

8          There are presently two motions, or, more accurately, one joint motion to dismiss.  The

9   motions are based on a fallacy promulgated by defense counsel.  Defendants and their attorneys

10  make false and void allegations against Plaintiffs and Plaintiffs' counsel.

11         **A.     Facts And Legal Analyses.**

12              **(1)     Swensen's Bankruptcy.**

13         The filing of a bankruptcy petition immediately gives rise to an automatic stay.  The stay

14  applies to block or freeze actions by and against a debtor.  It also permits parties to recoup "any

15  actual damages," including attorney fees, that result from a willful stay violation. *See*, 11 USC.

16  §362, *et alia*.  Facts with regard to this action, related to Swensen's bankruptcy, are as follows:

17         This action was filed on June 12, 2009. [Exhibit 5]

18         Swensen was served December 19, 2009. [Exhibit 5]

19         Swensen filed for Chapter 13 bankruptcy January 26, 2010. [Exhibit 1

20         The initial list of Swensen's creditors did not include any plaintiff herein, but it did

21  include Ali Weichler and Leo Agustin. [Exhibit 2]

22         Swensen moved to extend the time to file his schedules on March 14, 2010. [Exhibit 3]

23         Swensen then amended his list of creditors on March 29, 2010, one day before the March

24  30, 2010, hearings in this case on the initial Rule 12(b)(6) motions. [Exhibits 4 & 5]

25         Weichler and Agustin remained judgment creditors, and Swenson added Ed

26  Summerfields as a creditor as well. [Exhibit 4, p. 4]

27  / / /

28

1    This Court granted, with leave to amend, the initial Rule 12(b)(6) motions on April 2,

2    2010. [Exhibit 5]

3    The First Amended Complaint, somehow corrupted by a computer problem, was timely

4    filed on April 16, 2010, late at night. [Exhibit 5; Decl. Of Robinson] At the time it was filed,

5    Robinson did not realize the First Amended Complaint was corrupted and problematic. [*Id.*]

6    On about April 20, 2010, before filing a corrected version of the First Amended

7    Complaint, Robinson initially received notice of the Swensen bankruptcy and believed that all

8    action in this matter was thus stayed. [Decl. Of Robinson] This was after a great deal of effort

9    correcting the problems with the conversion from WordPerfect to PDF. [Decl. Of Robinson]

10    Swensen never received consent from the Trustee in bankruptcy to defend this action

11    once Swensen created the bankruptcy estate and he never received – or even requested – consent

12    to retain counsel and to pay for so-called computer experts. [Exhibit 8]

13    Based on the law and the facts of this case, Swensen has violated myriad laws and rules

14    related to his bankruptcy filing and defense in this action.  It is both curious and ironic that while

15    Plaintiffs acted in reliance on the automatic bankruptcy stay imposed by law once learning of the

16    filing – when they immediately ceased prosecution of the case – Swensen, Miller, Kilduff, and

17    Weichler all continued to act as if the stay did not exist *all the while knowing there was a stay*.

18    Pleadings filed by Swensen's attorney after January 26, 2010, are therefore impertinent

19    and/or scandalous pleadings.  They should be disregarded.

20          **(2)    Kilduff's Status.**

21    Civil Local Rules, Rule 11-7 states as follows:

22    **Reciprocal Discipline and Discipline Following Felony Conviction.**

23    (a) Notice. Any attorney admitted to practice in this Court who is convicted of a felony,
      suspended, disbarred or placed on disciplinary probation by any court, or who resigns

24    from the bar of any court with an investigation into allegations of unprofessional conduct
      pending, must give notice to the Clerk in writing within 14 days of such event.

25

26    (b) Order to Show Cause. Unless referred to the Standing Committee on Professional
      Conduct, matters subject to reciprocal discipline on the grounds listed in paragraph (a)
      above shall be handled as follows:

27

28

1    (1)    In such matters, the Chief Judge shall issue an order to the attorney that he
2           or she show cause why the attorney should not be disbarred, suspended,
            placed on disciplinary probation or otherwise disciplined.

3    (2)    If no response is received to an order to show cause within 28 days of
4           mailing, the Chief Judge shall make an independent review of the record
            of the other proceedings to determine that there was no deprivation of due
5           process, sufficient proof of misconduct, and that no grave injustice would
            result from the imposition of discipline. The Chief Judge shall issue an
            appropriate order.
6

7    (3)    An attorney who wishes to contest reciprocal discipline must file with the
            Court a timely response to the order to show cause. The Chief Judge may
8           then act on the matter, assign it to another judge or refer it to the Standing
            Committee on Professional Conduct for recommendation.

9    (4)    An attorney disbarred, suspended or placed on disciplinary probation
10          under the reciprocal discipline provisions of this rule may seek
            reinstatement upon completion of the period of suspension, disbarment or
11          disciplinary probation by filing a petition with the Clerk, together with
            proof of any reinstatement by the reciprocal jurisdiction. An attorney
12          disbarred by reason of a felony conviction may not petition for
            reinstatement until at least one year after entry of the disbarment order.

13    What appears to have happened with Kilduff is that an order to show cause was in fact

14  issued pursuant to the reciprocal discipline rule and Kilduff was suspended; Kilduff has never

15  petitioned for reinstatement.  In fact, a review of the Northern District ECF website indicates that

16  Kilduff – despite (mis)representations in his own declaration – has appeared in exactly three

17  cases in the Northern District since 1997.

18    One, the above-referenced discipline case. [Exhibit 6] The second, a case removed from

19  state court . [*Trivitte v. Healthcomp* ©-04-3125-PVT)] The third and final case is the present

20  action. [Exhibit 7]

21    There are no other cases where Kilduff appears in the Northern District as attorney or

22  party. [Exhibit 7] Both Eastern District and Central District of California do not include Kilduff

23  as an attorney who has been counsel of record in any case. [Decl. Of Robinson]

24    CLR, Rule11-8 states as follows:

25    **Sanctions for Unauthorized Practice.**  "A person who exercises, or pretends to be

26  entitled to exercise, any of the privileges of membership in the bar of this Court, when that

27  person is not entitled to avail themselves of such membership privileges, shall be subject to

28

*Summerfield, et al., v. Strategic, et al.* (No. C-09-2609-HRL)
OPPOSITION TO MOTIONS TO DISMISS AND FOR
SANCTIONS; DECLARATION IN SUPPORT; EXHIBITS          - 4 -

1    sanctions or other punishment, including a finding of contempt."

2                    **(3)    Sanctions.**

3            Sanctions are not appropriate in any form against Plaintiffs and Plaintiffs' counsel.

4    Whether through the drastic remedy of outright dismissal or the imposition of monetary

5    sanctions, that there was a computer (hardware or software) problem causing the "highly

6    improbable" jumble late the night of April 16, 2010, certainly cannot be attributed to any intent

7    to deceive or to cause delay or to cause undue expense.

8            That action was not taken immediately afterward is because of the stay imposed by late

9    notice of Swensen's bankruptcy stay.[1]

10           **B.    CONCLUSION**

11           Based on the above and the attached, Plaintiffs request to have stricken the impertinent

12    and/or scandalous pleadings filed by these defendants and their attorneys should be granted.

13    Both sets have violated federal law and local rules, and have misrepresented the facts.

14           Because the behavior was as described above, sanctions in the amount of $7,350 from all

15    counsel and their clients, jointly and severally.

16    Date:   May 25, 2010                      _____/s/ Russell A. Robinson_____

17                                              Law Office of Russell A. Robinson
                                                By:    Russell A. Robinson

18                                              Attorneys for Plaintiffs
                                                ED SUMMERFIELD, ARTHUR SUMMERFIELD, and

19                                              RITA SUMMERFIELD

20

21    **III.    DECLARATION**

22           I, Russell A. Robinson, hereby declare as follows:

23           1.      I am an attorney licensed to practice before all courts of this State and in the

24    United States District Court, Northern District of California, and am Plaintiffs' counsel of record

25    herein.  The below true and correct facts are of my personal knowledge except facts stated as

26    _____

27           [1]      It is safe to state that had Plaintiffs violated the stay first, once they had notice,
      Kilduff and Miller would be seeking sanctions of a different stripe.

28

*Summerfield, et al., v. Strategic, et al.* (No. C-09-2609-HRL)
OPPOSITION TO MOTIONS TO DISMISS AND FOR
SANCTIONS; DECLARATION IN SUPPORT; EXHIBITS          - 5 -

1    based on information and belief; as to facts so stated, I believe these to be true.

2        2.    Attached as exhibits are true and correct copies of the following items, which are

3    true and correct copies of what each purports to be:

4            (1)    Form B91, USBC, NDCal (San Jose) – Eric Swensen, filed 02/11/10

5            (2)    02/11/10 Notice Recipients;

6            (3)    03/14/10 Second *Ex Parte* Application re: Eric Swensen;

7            (4)    Amended - Verification of Creditor Matrix, 03/29/10;

8            (5)    Civil Docket, case number C-09-2609-HRL;

9            (6)    Civil Docket, case number C-97-2118-VRW;

10           (7)    Query: Case Search, Kilduff, Vince, NDCal.

11           (8)    Bankruptcy Docket, case number 10-50739; and,

12           (9)    Creditors, case number 10-50739.

13       3.    The First Amended Complaint, somehow corrupted by a computer problem, was

14   timely filed on April 16, 2010, late at night. It was not a "cut-and-paste" effort.  At the time it

15   was filed, I did not realize the First Amended Complaint was corrupted and problematic.  I

16   cannot explain what happened to cause the problem except to state that I have had the same

17   problem on other occasions and it appears to be an issue with my PDF or WordPerfect software.

18   In fact, attached as exhibit 10 is a true and correct copy of a pleading downloaded from a

19   Superior Court in the State of California.  This order was downloaded after April 16, 2010; the

20   Court and defense expert are directed to the final page of exhibit 10, where the signature of "L.

21   Chavez" is clearly visible, as is a great deal of other formatting on the document.

22       4.    On about April 20, 2010, before filing a corrected version of the First Amended

23   Complaint, I initially received notice of the Swensen bankruptcy, believing that all action in this

24   matter was thus stayed.  This was after a great deal of effort correcting problems with conversion

25   from WordPerfect to PDF.  I thus did not file the corrected First Amended Complaint.

26       5.    We did not purposefully cause any delay or expense in this action.  Mr. Kilduff

27   and Mr. Swensen never met and conferred with me over the defective first amended complaint.

28

*Summerfield, et al., v. Strategic, et al.* (No. C-09-2609-HRL)
OPPOSITION TO MOTIONS TO DISMISS AND FOR
SANCTIONS; DECLARATION IN SUPPORT; EXHIBITS            - 6 -

1    I, Russell A. Robinson, hereby declare under penalty of perjury and under the laws of the

2    State of California that the above is true and correct.

3

4    Date:   May 25, 2010                              /s/ Russell A. Robinson
                                                  Law Office of Russell A. Robinson
5                                                 By:      Russell A. Robinson
                                                  Attorneys for Plaintiffs
6                                                 ED SUMMERFIELD, ARTHUR SUMMERFIELD, and
                                                  RITA SUMMERFIELD
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28