**\*\* E-filed June 17, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ED SUMMERFIELD, ARTHUR SUMMERFIELD, and RITA SUMMERFIELD,<br><br>Plaintiffs,<br>v.<br><br>STRATEGIC LENDING CORPORATION, ALI WEICHLER, LEONARDO AGUSTIN, ERIC SWENSEN, and DOES 1-30,<br><br>Defendants.<br>_____/ | No. C09-02609 HRL<br><br>**ORDER (1) DENYING DEFENDANTS' MOTION TO DISMISS AND FOR SANCTIONS, (2) GRANTING PLAINTIFFS' REQUEST TO FILE A SECOND AMENDED COMPLAINT, AND (3) TERMINATING, AND VACATING HEARING ON, PLAINTIFFS' CROSS-MOTION TO STRIKE IMPERTIENT AND/OR SCANDOLOUS PLEADINGS AND FOR SANCTIONS**<br><br>**[Re: Docket No. 41 & 49]** |

In June 2009, plaintiff Ed Summerfield, along with his parents, plaintiffs Arthur and Rita Summerfield (collectively, "Plaintiffs"), sued defendants Strategic Lending Corporation ("Strategic"), Ali Weichler ("Weichler"), Leonardo Agustin ("Agustin"), and Eric Swenson ("Swensen"), alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68, the California Labor Code, and common law provisions. After several deadline extensions at Plaintiffs' request, they finally served Weichler and Swenson in December 2009.[1]

---

[1] Defendant Leonardo Agustin was finally served with the complaint and summons on April 14, 2010. On May 25, Plaintiffs moved for entry of default against Agustin for failure to respond, which the Clerk of the Court entered on May 27. (Docket Nos. 53 & 55.) As of June 16, Defendant Strategic does not appear to have been served with the complaint and summons.

## PROCEDURAL BACKGROUND

On April 2, 2010, the Court issued an order granting Weichler and Swensen's motion to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6), but allowed Plaintiffs to file an amended complaint within two weeks (or by April 16, 2010) (the "Court's April 2 Order"). (Docket No. 39.)

Plaintiffs did, or attempted to do, just that. On April 16, Plaintiffs electronically filed a pleading titled "First Amended Complaint for Damages" ("FAC"). (Docket No. 40.) To do so, Plaintiffs' counsel converted a WordPerfect file to a PDF file and uploaded the PDF file via the Court's Electronic Case File ("ECF") system. (Robinson Decl. ¶ 3; *see generally*, Gen. Order 45.) Oddly, while the first two pages of the document contained English-language text, the next seventeen pages contained lines of unintelligible (from the Court's perspective) computer code and error messages. (*Id.*) On April 22, the Clerk of this Court edited the docket to indicate that the document filed on April 16 should be disregarded and that the document was to be refiled. (*Id.*)

Thereafter, on May 2, Weichler and Swensen filed a motion to dismiss this action pursuant to FRCP 41(b) on the grounds that Plaintiffs failed to comply with the Court's April 2 Order by not filing an amended complaint by April 16.[2] (Docket No. 41.) Weichler and Swensen's motion also seeks monetary sanctions of no less than $10,058.75 pursuant to 28 U.S.C. § 1927 and the Court's inherent power. Plaintiffs oppose the motion.[3]

On May 27, forty-one days past the April 16 deadline, Plaintiffs finally filed a corrected FAC. (Docket No. 56.)

Upon consideration of the moving papers and the arguments of counsel at the motion hearing, the Court denies Defendants' motion to dismiss and for sanctions.[4]

---

[2] By stipulation, Swensen was deemed to have joined Weichler's motion as of the day it was filed. (Docket No. 46.)

[3] In addition to opposing the instant motion, Plaintiffs also filed a cross-motion to strike impertinent and/or scandalous pleadings and for sanctions. At the conclusion of the hearing on the instant motion, however, Plaintiffs orally withdrew their motion to strike and for sanctions. As such, this Court hereby administratively terminates, and vacates the hearing on, Plaintiffs' cross-motion.

[4] Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, all parties who have appeared in this action have expressly consented that all proceedings may be heard and finally adjudicated by the undersigned. Defendants who have not been served are not deemed "parties" to the action within the rules requiring consent to magistrate jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995); *see also United States v. Real Prop.*, 135 F3d 1312, 1317 (9th Cir. 1998).

2

**DISCUSSION**

A. Dismissal Pursuant to FRCP 41(b)

   *1. Legal Standard*

"[D]ismissal [or another terminating sanction] is a harsh penalty and, therefore, it should only be imposed in *extreme circumstances*." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (emphasis in original). In order to do so under FRCP 41(b), "the court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic alternatives.'" *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998); additional internal citations omitted). Generally, the court should make explicit findings regarding each factor before dismissing an action for a party's failure to comply with a court order. *See Cannon Partners, Ltd. v. Cape Code Biolab Corp.*, 225 F.R.D. 247, 251 (N.D. Cal. 2003) (citing *Ferdik*, 963 F.2d at 1261). Dismissal is proper "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Yourish*, 191 F.3d at 990 (quoting *Ferdik*, 963 F.2d at 1263).

   *2. Analysis*

In their motion, Weichler and Swensen claim that Plaintiffs failed to comply with the Court's April 2 Order by not timely filing an amended complaint. (Mot. at 3-4.) Their basic argument is that Plaintiffs' FAC that was filed on April 16 was largely unintelligible and that no physical Chambers Copy of the document was sent (as required by General Order No. 45), and thus no legitimate FAC was ever filed or received by the Court in time.[5] (*Id*.) They also state that Plaintiffs' counsel never tried to contact them regarding the problems with the April 16 filing. (Reply at 1.)

Plaintiffs' counsel's response to Weichler and Swensen's argument for dismissal is that the FAC was timely filed on April 16 and there was a computer error which he did not realize until the Clerk of the Court brought it to his attention. (Opp'n. at 1.) Then, around April 20, "after a lengthy

---

[5] Weichler's counsel states that the Court's "courtroom clerk" informed him that Plaintiffs' counsel had not submitted a physical Chambers Copy of the FAC. (Kilduff Decl. ¶ 8.)

3

effort to correct the formatting error," he belatedly became aware that Swensen had filed for bankruptcy protection on January 26 and so he took no further action (such as re-filing a corrected FAC) because under 11 U.S.C. § 362 "the filing of a bankruptcy petition immediately gives rise to an automatic stay." (*Id*. at 2.)

As directed in *Yourish*, this Court must look to five factors when considering whether dismiss under FRCP 41(b). The first two factors — the public's interest in expeditious resolution of litigation and the court's need to manage its docket — support both Plaintiffs and Weichler and Swensen. While these factors would normally weigh in favor of dismissal whenever there is a significant delay in proceedings, the delay in this case is hardly as egregious as those in others where courts have chosen to dismiss. In those cases, the plaintiffs' actions had brought their cases "to a complete halt" or "to a standstill," thereby depriving the courts of their abilities to manage the cases' dockets. *See*, *e.g.*, *Yourish*, 191 F.3d at 990; *Cannon Partners, Ltd. v. Cape Cod Biolab Corp.*, 225 F.R.D. 247, 251 (N.D. Cal. 2003). This is not quite the case here. Plaintiff attempted to file a purported FAC within the deadline imposed by the Court's April 2 Order. While there is disagreement as to the legitimacy of that FAC, the fact remains that something was filed on April 16 and thereafter efforts were begun to correct the problem.

The third factor — prejudice to the defendants — weighs in favor of Plaintiffs. To be sure, Plaintiffs did not file a corrected FAC until May 27. But after the unintelligible filing on April 16, counsel for Weichler and Swensen were apparently willing to spend time contacting the Court's ECF Help Desk and hiring expensive experts but not willing to contact Plaintiffs' counsel to try and work this situation out amicably. In other words, defense counsel could have taken steps to minimize any potential prejudice to their clients but chose not to do so.[6] Further, and most importantly, Weichler's counsel conceded at the motion hearing that the defendants suffered no prejudice from the issues surrounding Plaintiffs' filing of the FAC.

The fourth and fifth factors weigh heavily in favor of Plaintiffs. Public policy favors resolution of disputes on the merits, and Plaintiffs have provided no indication that such a resolution

---

[6] It should be noted that Plaintiffs' counsel also could have contacted defense counsel after he learned of Swensen's filing for bankruptcy protection, but he also chose not to attempt to work things out informally.

4

would not take place in this case. Indeed, Plaintiffs appear to have tried to file their FAC to continue this litigation. And there are certainly less drastic sanctions available in this instance. This is not a case where a plaintiff has continued to ignore court orders or failed to pay previous sanctions. *See Cannon Partners*, 225 F.R.D. at 251. Thus, before imposing the "harsh penalty" of dismissal, this Court must first try to find another way to get this litigation back on track.

Simply put, Plaintiffs have not "serially failed to comply" with this Court's orders or engaged in the type of behavior that was exhibited in other cases where dismissal was deemed warranted. *See id*.

B. <u>Sanctions for Attorneys' Fees and Costs</u>

1. *Legal Standard*

A court has the inherent power to award attorneys' fees as a sanction. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 49 (1991). Yet a court doing so must make an explicit finding of bad faith to ensure that it exercises proper restraint when wielding this power. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997). In the absence of bad faith, negligence or even recklessness will not justify sanctions under a court's inherent power. *See Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001). Simply put, the bad-faith requirement is a high threshold. *Mendez v. County of San Bernadino*, 540 F.2d 1109, 1132 (9th Cir. 2008). Indeed, in the Ninth Circuit, courts have declined to find bad faith even in situations where the conduct at issue was "totally frivolous," "outrageous," "inexcusable," and "appalling." *Mendez v. County of San Bernadino*, 540 F.2d 1109, 1132 (9th Cir. 2008) (citing *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)).

2. *Analysis*

Weichler and Swensen seek sanctions. They contend that while "[i]t would appear, at first glance, that a computer error caused the substantive content" of most of the FAC to be corrupted, "that was not what happened." (Mot. at 2.) Instead, they argue that Plaintiffs "purported" FAC "was a sham pleading intended to mislead the court and defendant[s] into believing some 'computer glitch'" had caused the error. (*Id*. at 4.) "[A]fter analysis," they claim that it has been determined

5

1  that the unintelligible language was "created intentionally by someone intending to create the
2  document by 'cutting and pasting' the content of the pleading."[7] (*Id*.)

3  Their suspicion is largely based on the declaration of their expert, Thomas Walker
4  ("Walker"). Walker first states that the text of the corrupted part of the document is actually from a
5  file called *errmsg.txt* which is included with the freely-available MySQL database management
6  package. (Walker Decl. ¶ 5.) He says that the text in the FAC reproduces the bare text of
7  *errmsg.txt*, meaning that it is highly unlikely that the text was produced by a database server running
8  MySQL software. (*Id*. ¶ 7.) He further states that the FAC was uploaded from a local hard drive
9  and not a network drive or distributed file system where MySQL is likely to be used, and that he
10 was informed that the Court's ECF system does not use MySQL either. (*Id*. ¶¶ 8-9.) While he
11 admits that it is "possible that [the error] was caused by corruption of the hard disk on which the file
12 was stored" and so portions of that file were merged with *errmsg.txt*, it is "highly unlikely." (*Id*. ¶¶
13 11-17.) His declaration concludes that "the most likely explanation is that the [FAC] was corrupted
14 by the manual insertion of text from *errmsg.txt* into the WordPerfect file prior to the creation of the
15 PDF file uploaded to the Court." (*Id*. ¶ 18.)

16 As such, Weichler and Swensen seek sanctions to cover the $10,058.75 in attorneys' fees
17 and expert costs related to their motion ($3,465 in fees and $3,500 in expert costs for Weichler; and
18 1,093.75 in fees and $2,000 in expert costs for Swensen). (Kilduff Decl. ¶ 11-13; Miller Decl. ¶¶8-
19 9.)

20 Plaintiffs' response to Weichler and Swensen's argument for sanctions is simple: he denies
21 that the error was a "cut-and-paste" effort and says that "there was a computer (hardware or
22 software) problem causing the 'highly improbable' jumble late the night of April 16, 2010, [which]
23 certainly cannot be attributed to any intent to deceive or to cause delay or to cause undue expense."
24 (Opp'n. at 5.) In his declaration, Plaintiffs' counsel notes that he "cannot explain what happened to
25 cause the problem except to state that I have had the same problem on other occasions and it appears
26 to be an issue with my PDF or WordPerfect software." (Robinson Decl. ¶ 3.) Plaintiffs also note

---

[7] The analysis is based on the examination of at least one computer expert. Weichler's counsel says he hired an expert consultant whose fee will be no less than $3,500, and Swensen's counsel says he hired computer expert Thomas Walker at a cost of $2,000. (Kilduff Decl. ¶ 12; Miller Decl. ¶ 5-8.) Only Thomas Walker submitted a declaration describing the computer issues, though.

that counsel for Weichler or Swensen never tried to meet-and-confer regarding this issue at any time. (Opp'n. at 1.)

This Court does not believe a clear showing of "bad faith" on the part of Plaintiffs' counsel has been made. While the declaration of Thomas Walker does raise some interesting questions and succeeds in creating some suspiciousness as to what actually happened, the Court will not read too much into it given that it is based on the document filed and not on an analysis of Plaintiffs' counsel's computer and does leave room for Plaintiffs' version of what happened. Plaintiffs' counsel also categorically denies any willful wrongdoing and represents that he has updated his software programs. The Court will not find "bad faith" in these circumstances.

Lastly, Weichler and Swensen did not comply with Civil Local Rule 7-8 when moving for sanctions. Civil Local Rule 7-8 states that all motions for sanctions must be separately filed. *See* Civ. L.R. 7-8(a). Weichler and Swensen did not do so. Instead, they moved for sanctions within their motion to dismiss. Thus, their motion for sanctions is also procedurally defective per the Court's local rules.

## CONCLUSION

Based on the foregoing, Defendants Weichler and Swensen's motion to dismiss and for sanctions is DENIED. At the parties' requests at the hearing, Plaintiffs may file a Second Amended Complaint by June 18, 2010, and the defendants shall file a response within 30 days therefrom. In addition, based on Plaintiffs' oral withdrawal of their cross-motion at the hearing on the instant motion, the hearing on Plaintiffs' cross-motion is VACATED and that motion will be administratively TERMINATED.

**IT IS SO ORDERED.**

Dated: June 17, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C09-02609 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Jonathan Harold Miller | jhmillerlaw@gmail.com |
| Russell Alan Robinson | rarcases@yahoo.com, lawrs@ymail.com |
| Vincent J. Kilduff | kildufflaw@aol.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**