```
VINCENT J. KILDUFF, S.B. #57494
Law Offices of
Vincent J. Kilduff
181 Devine Street
San Jose, Calif. 95110
(408) 279-4400

Attorney for Defendant,
Ali Weichler
```

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| ED SUMMERFIELD, ARTHUR SUMMERFIELD, RITA SUMMERFIELD, <br><br> Plaintiffs, <br><br> vs. <br><br> STRATEGIC LENDING CORPORATION, ALI WEICHLER, LEONARDO "LEO" AGUSTIN, ERIC SWENSEN, DOES 1-30, <br><br> Defendants. | Case No. C09-02609 HRL <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> Date of Hearing: 8/31/2010 <br> Time of Hearing: 10:00 A.M. <br> Courtroom No. 2 |

MEMORANDUM OF POINTS AND AUTHORITIES

TABLE OF CONTENTS

Page

TABLE OF CONTENTS.................................... i

TABLE OF AUTHORITIES................................iii

INTRODUCTION......................................... 2

ISSUES TO BE DECIDED................................. 2

BACKGROUND FACTS AND ALLEGATIONS OF THE COMPLAINT... 2

ARGUMENT............................................. 5

    I    Plaintiffs Lack Standing to Bring the Civil RICO Claim As Pled in the Complaint..5

    II   The Second Amended Complaint fails to establish the element of "racketeering activity" necessary under RICO.............7

    III  Plaintiffs have failed to properly allege any predicate acts necessary to state a RICO cause of action against defendants, nor have they alleged how the acts of defendants are a proximate cause of injury to plaintiffs......................9

    IV   Any allegations based upon fraud or mistake must be pled with particularity...12

    V    Plaintiffs' RICO allegations are barred by the applicable Four Year Statute of Limitations...............................13

    VI   Ed Summerfield lacks standing to pursue a RICO action against defendants............16

    VII  Ed's allegations are all based upon his employment by Strategic which should be litigated in a state action...............18

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

VIII   This Court should decline to exercise supplemental jurisdiction over Ed's claims, as such claims are not so related to the claims of defendants, Arthur and Rita, that they form part of the same case or controversy........................19

IX   The primary purpose of this action is to adjudicate Ed's employment related claims, which substantially predominate over the purported RICO claims of Arthur and Rita and the Court should decline to exercise supplemental jurisdiction over Ed's claims................................21

X   The claims of defendant, Ed, are all barred by the applicable statute of limitations periods set forth in California State statutes.................22

  A. Negligence..............................22

  B. Second Cause of Action: Breach of Fiduciary Duty..........................22

  C. Third Cause of Action: Breach of Contract................................23

  D. Fourth Cause of Action: Breach of Covenant of Good Faith and Fair Dealing.................................24

  E. Sixth Cause of Action: Unpaid Wages, Unreimbursed Expenses, and related Labor Code claims......................24

CONCLUSION.........................................25

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

TABLE OF AUTHORITIES

Page(s)

CASES

FEDERAL

Agency Holding Corp. v. Malley-Duff &
Assocs., Inc. (1987)
483 U.S. 143..................................13

Canyon County v. Syngenta Seeds, Inc.
519 F.3d 969 (9th Cir. 2008).........................5

In re Glenfed, Inc. Sec. Litig. (1994)
42 F.3d 1541 ................................12

Grauberger v. St. Francis Hospital
169 F.Supp.2d 1172  (N.D.Cal. 2001)..................9

Hollander v. Brown
457 F.3d 688 (C.A.7 Ill. 2006).....................13

Holmes v. Sec. Investor Protection Corp. (1992)
503 U.S. 258....................................6

Lancaster Community Hosp. v.
Antelope Valley Hosp. Dist.
940 F.2d 397 (9th Cir. 1991)......................11

Limestone Dev. Corp. v. Village of Lemont, Ill.
520 F.3d 797 (7th Cir. 2008).........................9

Living Designs, Inc. v. E.I.
DuPont de Nemours & Co.
431 F.3d 353 (9th Cir. 2005).........................9

Miller v. Yokohama Tire Corporation (2004)
358 F.3d 616..................................18

Poulos v. Caesars World, Inc.
379 F.3d 654 (9th Cir. 2004).........................5

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

*Rotella v. Wood* (2000)
528 U.S. 549..........................................................15

*Savage v. Council on American-
Islamic Rels., Inc.*,
(N.D.Cal. Case No. C07-6067 SI).....................10

*Schreiber Dist. Co. v. Serv-well
Furniture Co.*
806 F.2d 1393 (9th Cir. 1986)....................11, 12

*Sedima, S.P.R.L. v. Imrex Co.* (1985)
473 U.S. 479..................................................5, 9, 16

*Stoll v. Runyon* (1999)
165 F.3d 1238..........................................................14

*Sun Sav. & Loan Ass'n v. Dierdorff*
825 F.2d 187 (9th Cir. 1987)...............................9

*United Mine Workers v. Gibbs* (1966)
383 U.S. 715...........................................................20

### STATE OF CALIFORNIA

*Powers v. Ashton* (1975)
45 CA 3d 783..........................................................17

*Saks v. Damon Raike & Company* (1992)
7 CA 4th 410............................................................17

*Stalberg v. Western Title Insurance Co.* (1991)
230 CA 3d 1223..............................................22, 23

### STATUTES

### FEDERAL

18 U.S.C. §1341........................................................8, 11

18 U.S.C. §1343........................................................8, 11

18 U.S.C. §1961....................................................7, 8, 10

18 U.S.C. §1962............................................................7, 9

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

*18 U.S.C.* §1964...........................................5, 9

*28 U.S.C.* §1367..........................................20, 21

*F.R.C.P.* §8.................................................13

*F.R.C.P.* §9....................................2, 7, 10, 12

*F.R.C.P.* §12............................................2, 13

**STATE OF CALIFORNIA**

*California Code of Civil Procedure*
*§337*....................................................... 24

*California Code of Civil Procedure*
*§338*.....................................................22, 25

*California Code of Civil Procedure*
*§339*........................................................24

*California Code of Civil Procedure*
*§343*........................................................22

**AUTHORITIES**

*California Practice Guide, Civil*
*Procedure Before Trial,*
*Statutes of Limitations (Rutter Group)*......23, 24, 25

*California Practice Guide,*
*Federal Civil Procedure*
*Before Trial (Rutter Group)*........................20

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

## INTRODUCTION

Defendant, ALI WEICHLER ("Ali"), presents the following memorandum in support of his motion to dismiss the Second Amended Complaint on the basis that (a) this Court lacks subject matter jurisdiction [FRCP §12(b)(1)], and (b) the complaint fails to state a claim upon which relief can be granted [FRCP §12(b)(6)].

## ISSUES TO BE DECIDED

1. Plaintiffs' standing to prosecute a civil RICO action.
2. Allegations of Racketeering activity in the complaint.
3. Allegations of predicate acts in the complaint.
4. Proximate cause of injury to plaintiffs.
5. Pleading particularity required by F.R.C.P. §9(b).
6. RICO Statute of Limitations.
7. Ed Summerfield's standing to prosecute a RICO action.
8. Federal allegations re plaintiff, Ed Summerfield.
9. Supplemental Jurisdiction.
10. California State Statutes of Limitations.

**BACKGROUND FACTS AND ALLEGATIONS OF THE SECOND AMENDED COMPLAINT**

On April 2, 2010, this Court entered its Order Granting Defendants' Motion to Dismiss plaintiffs' initial COMPLAINT[1]. However, the Order was with leave to amend and plaintiffs were given the opportunity to file an amended complaint within 14 days.

---

[1] Whenever the term COMPLAINT is used herein, it refers to Document No. 1, the Complaint filed June 12, 2009.

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES        Page 2

Plaintiffs failed to file their First Amended Complaint in a timely manner and Defendant brought his second Motion to Dismiss because of plaintiffs' delay. The Court, after admonishing plaintiffs, denied defendant's motion and allowed plaintiffs to file a Second Amended Complaint. Plaintiffs now move to dismiss that Second Amended Complaint.

The Second Amended Complaint is essentially an expanded version of the original COMPLAINT that was dismissed. Defendants contend and allege that it does nothing to overcome the deficiencies in the original Complaint and should be dismissed, without leave to amend.

The Second Amended Complaint repeats the majority of the allegations in the original COMPLAINT, but attempts to include new or modified language in an effort to correct the deficiencies of the original COMPLAINT.

In setting forth the following facts from this Second Amended Complaint, defendant will attempt to point out where the factual allegations merely repeat those of the COMPLAINT and where they attempt to add new facts in an effort to cure the defective COMPLAINT[2].

Plaintiff, Ed Summerfield ("Ed") was hired by defendant, Strategic Lending Corporation ("Strategic"), in May, 2003, at a purported salary of up to $1,000,000.00 per year. Ali was an employee of Strategic responsible for the hiring and supervision of Ed (OLD).

During Ed's employment, Ali required Ed, as a requirement of his

---

[2] Facts that are merely a repeat of the Complaint will be designated at the end of the paragraph or sentence as (OLD) and newly added facts will likewise be designated as (NEW).

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

employment, to study for the California Real Estate Exam, obtain a notary license, travel to numerous businesses, engage in various training activities, purchase equipment, and participate in other miscellaneous activities (OLD).

Ed's employment with Strategic was terminated on April 29, 2005 (OLD).

During the time when Ed was employed by Strategic (prior to April 29, 2005), Ali convinced Arthur Summerfield ("Arthur") and Rita Summerfield ("Rita") to re-finance their home and borrow heavily on other assets, all to the benefit of defendants. Plaintiffs also allege that Ali "started" Arthur day-trading and "directed" Arthur's day trading, but does not allege that Ali in any way profited from that activity (OLD). Plaintiff also alleges that Ed was damaged in that his interest as a beneficiary of his parents' trust was destroyed (NEW).

In the Second Amended Complaint, plaintiffs added verbiage regarding loans taken by Arthur and Rita, repeatedly making conclusory arguments that the loans were "junk notes", "terrible deals," "junk mortgages", and "predatory loans" (NEW).

In the COMPLAINT, plaintiffs alleged that Rita and Ed did not discover the damage giving rise to the Complaint until late 2005 or early 2006 (OLD), while the second Amended Complaint claims that the nature of the alleged acts was discovered on or about August 16, 2005, when Ali falsely re-assured Rita that her loan was a superior product(NEW).

///
///

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

## ARGUMENT

### I

### Plaintiffs Lack Standing to Bring the Civil RICO Claim As Pled in this Complaint.

"To have standing under [18 U.S.C.] §1964(c), a civil Racketeering Influenced and Corrupt Organizations Act ("RICO") plaintiff must show:

(1) that his alleged harm qualifies as injury to his business or property; and

(2) that his harm was 'by reason of' the RICO violation, which requires the plaintiff to establish proximate causation."

Canyon County v. Syngenta Seeds, Inc., 519 F.3d 969, 972 (9th Cir. 2008).

A RICO plaintiff "only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." Sedima, S.P.R.L. v. Imrex Co., (1985) 473 U.S. 479, 496. In addition, a plaintiff must show that the defendants' alleged misconduct was the cause-in-fact and the proximate cause of his injury. Poulos v. Caesars World, Inc., 379 F.3d 654, 664 (9th Cir. 2004). While the alleged misconduct here is not clear, it seems to allege activities directed toward "borrowers and lenders," including plaintiffs and two other unidentified borrowers. While plaintiffs make repeated conclusory statements, they fail to indicate how defendants' alleged misconduct injured plaintiffs' business or property and was the proximate cause of plaintiffs' injuries.

As noted by the Court in the Order Granting Defendants' Motion

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES  Page 5

to Dismiss the COMPLAINT (Document #39), "Plaintiffs...have not alleged anything more than financial loss." (Page 4, lines 10-13). The Second Amended Complaint does nothing more.

The relationship between Arthur's undefined "debilitating injury" or "cancer" and defendants' alleged conduct is left to speculation. Likewise, Plaintiffs offer no substantial connection between the unadorned allegations that "Weichler started Arthur day-trading" and that Arthur "acted at the direction of Weichler" and the alleged RICO activities. As indicated above, the Second Amended Complaint alleges nothing more than financial losses, which are insufficient to sustain a civil RICO action without a showing that plaintiff was injured in his business or property by the conduct constituting the violation. His RICO claim does not indicate how any or all of Arthur's "losses and margin calls" from personal day-trading were causally connected with the alleged fraudulent lending activity. The nature of the defendants' duty to in any way control Arthur's investment decisions is unspecified. The complaint fails to show how and why defendants' conduct that may constitute a RICO violation is the proximate cause of plaintiffs' claimed injuries. The Supreme Court has stated that there must be "some direct relation between the injury asserted and the injurious conduct alleged. Thus, a plaintiff who complained of harm flowing merely from the misfortunes visited upon a third person by the defendant's acts was generally said to stand at too remote a distance to recover." Holmes v. Sec. Investor Protection Corp. 503 U.S. 258, 268-269 (1992).

Here, plaintiffs make no allegations showing that the alleged RICO violations (fraud upon lenders and borrowers) are the proximate

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

cause of the losses suffered by Ed (employment wage claims) or Arthur (losses he suffered in the stock market). Thus, the complaint must be dismissed. Also, plaintiffs have failed to show how some unspecified financial loss when refinancing their home loans can support a RICO cause of action.

## II

**The Second Amended Complaint fails to establish the element of "racketeering activity" necessary under RICO.**

The only allegations of the complaint upon which the plaintiffs allege this Court has jurisdiction are those contained in Paragraphs 31-37, which attempt to present a civil RICO claim for damages pursuant to 18 U.S.C. §1962. However, those allegations (and the general allegations of the complaint) fail to indicate the "racketeering activity," (as defined in 18 U.S.C. §1961) alleged to have been committed by defendants.

Section 1961 lists numerous activities defined as racketeering activity. This Complaint, however, fails to claim the defendants engaged in any of those defined activities, except for the conclusory allegations alleging mail fraud, wire fraud, extortion, and interstate transportation and sale of fraudulently obtained goods. Although plaintiffs attempt, in Paragraph 50, to include facts in an effort to satisfy the FRCP §9(b) requirement of specificity, they fall far short of that requirement. The Second Amended Complaint nowhere sets forth any specific allegations showing why the allegedly fraudulent loan transactions were in fact fraudulent. The fact that defendants assisted plaintiffs in obtaining loan(s) from third parties by itself is insufficient. Plaintiffs must, with specificity,

VINCENT J. KILDUFF
S.B. #57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES        Page 7

show why the loans and activities associated therewith were fraudulent.

Likewise, the simple statements that Ali had telephone conversations with Rita is insufficient to establish the necessary elements to sustain a civil RICO action.

The conclusory allegations of the Complaint as to each Plaintiff fail in each Plaintiff's case to establish the element of "racketeering activity" as recognized under the federal statute. In order to prove a pattern of racketeering activity under RICO a plaintiff or prosecutor must show at least two racketeering predicates that are related, and that they amount to or pose a threat of continued criminal activity. 18 U.S.C. §§1961(5), 1962. "Racketeering activity" is defined in 18 U.S.C. §1961(1)(B) as including any act 'indictable' under certain enumerated federal criminal statutes, including 18 U.S.C. §1341, which makes mail fraud a criminal offense, and 18 U.S.C. §1343, which makes wire fraud a crime." Here, plaintiffs' complaint includes no factual allegations of mail or wire fraud (the mere fact that Ali may have faxed some documents to Arthur and Rita and had telephone conversations with Rita is insufficient without describing the fraudulent content), and the allegations of loans to two other identified third parties are insufficient to sustain a RICO action (It should also be pointed out that these alleged RICO violations occurred in November, 2004 and January, 2005, well more than 4 years before the bringing of this suit). A complaint must show how and why the alleged acts constituted indictable mail or wire fraud.

///

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES        Page 8


### III

**Plaintiffs have failed to properly allege any predicate acts necessary to state a RICO cause of action against defendants, nor have they alleged how the acts of defendants are a proximate cause of injury to plaintiffs.**

Plaintiffs' First Cause of Action is brought pursuant to RICO, 18 U.S.C. §§1961 et seq. Because plaintiffs fail to allege any predicate acts of mail fraud, wire fraud, or interstate transportation and sale of fraudulently obtained goods, the complaint does not state any claim for which relief can be granted under RICO. To state a civil claim under RICO (18 U.S.C. §1964), a complaint must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to plaintiffs' business or property. 18 U.S.C. §1962 (2001); Grauberger v. St. Francis Hospital, 169 F.Supp.2d 1172, 1176 (N.D.Cal. 2001); Living Designs, Inc. v. E.I. DuPont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005). Sun Sav. & Loan Ass'n v. Dierdorff, 825 F.2d 187, 191 (9th Cir. 1987) [citing Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985))("Liability under §1962(c) requires (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."); see Limestone Dev. Corp. v. Village of Lemont, Ill., 520 F.3d 797, 800 (7th Cir. 2008)].

Plaintiffs' RICO allegations are facially deficient on several grounds:

First, plaintiffs have insufficiently pled the predicate acts constituting the alleged RICO violations. Plaintiffs' RICO claim simply references the preceding allegations in the Complaint and adds the conclusory allegations of "taking advantage of Arthur's

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES     Page 9

diminished mental capacity" and "abusing the trust Rita placed in Weichler" as well as "false promises Weichler made to Ed"; it appears that plaintiffs intend these conclusions to be enumerated as predicate acts of "racketeering activity" required by 18 U.S.C. §1961. The additional allegations added to the Second Amended Complaint (Page 14, lines 10-25) do nothing to correct the deficiencies of the COMPLAINT. All those facts allege conversations with Ed and acts by Ed. However, the aggrieved parties are Arthur and Rita and it is impossible to see how defendant's actions directed to Ed can constitute predicate acts by defendants giving rise to a RICO cause of action by Ed and Rita.

Plaintiffs have pled no additional facts to demonstrate how defendants committed these offenses. In the adjudication of civil RICO claims in the Ninth and other federal circuits, the courts have recognized that this type of "shotgun" pleading is insufficient to plead a RICO claim. As noted in its Order Granting Defendants' Motion for Judgment on the Pleadings (July 25, 2008) in Savage v. Council on American-Islamic Rels., Inc., (N.D.Cal. Case No. C07-6067 SI), finding a RICO claim was insufficient wherein plaintiff set forth "a redundant narrative of allegations and conclusions of law, but makes no attempt to allege what facts are material to his claims under the RICO statute, or which facts are used to support what claims under particular subsections of RICO." Savage, supra, [Order Granting Defendants' motion for Judgment on the Pleadings, at p.20].

Furthermore, plaintiffs' allegations, all of which appear to be based upon fraud, do not comply with the heightened pleading standard of F.R.C.P. §9(b), which applies to predicate acts of fraud for a

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400