RICO claim. <u>Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.</u>, 940 F.2d 397, 405 (9th Cir. 1991). This heightened standard requires that a plaintiff detail with particularity the time, place and manner of each act of fraud, the acts constituting the fraud, in detail, and the role of each defendant in each scheme. <u>Lancaster</u>, supra.

Second, to allege a violation of mail fraud under 18 <u>U.S.C.</u> §1341 (and, likewise, wire fraud under <u>U.S.C.</u> §1343), "it is necessary to show that (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud." <u>Schreiber Dist. Co. v. Serv-well Furniture Co.</u>, 806 F.2d 1393, 1400 (9th Cir. 1986). Plaintiffs here fail to include any facts specifying the time and place and description of each act of fraud and the roles of each defendant in those acts.

Third, plaintiffs' generalized narrative does not set forth the other prerequisite statutory elements for a RICO violation, such as causation.

The only allegation alluding to any continuous pattern of racketeering activity appears to be Paragraph 29 stating: "Ed learned that said defendants had falsified loan documents, mis-stated applicant income, and engaged in other fraudulent, and/or quasi-criminal activity in order unlawfully to gain profit for themselves." Other than this conclusory statement, a court determining whether the predicate acts to a violation have been properly pled is left to the task of guessing what loan documents were falsified, by and for whom, how often, in what manner, and when the alleged acts of falsification

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

and fraud occurred. Merely inserting an unsupported litany alongside a still vaguer reference to "fraudulent, and/or quasi-criminal activity" is wholly insufficient to meet the prerequisites for a RICO claim.

IV

**Any allegations based upon fraud or mistake must be pled with particularity.**

A reading of the entire Second Amended Complaint seems to indicate that plaintiffs' RICO claims are based upon fraud allegations and, if so, plaintiffs must specifically plead such allegations. As to all alleged predicate acts that sound in fraud, plaintiffs are required to meet the heightened pleading requirements of F.R.C.P. §9(b), by specifically alleging the time(s), place(s), manners of the fraudulent representations or acts, and the parties to the fraudulent acts or representations. Schreiber Dist. Co. v. Servwell Furniture Co., supra, at 1401. These fraud claims are not set forth with the particularity required by F.R.C.P. §9(b), which indicates that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

There is certainly a dearth of facts establishing the "circumstances constituting fraud." The Ninth Circuit has required the pleading of evidentiary facts, such as time, place, persons, statements, and explanations of why statements are misleading. In re Glenfed, Inc. Sec. Litig. (1994) 42 F.3d 1541, 1547 fn.7. Here, plaintiffs' attempt to add additional facts falls far short of the specificity required.

The plaintiffs' allegations of mail fraud and wire fraud, along

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES          Page 12

with the averment of interstate transportation and sale of fraudulently obtained goods fail to set forth the facts constituting the fraud(s) with the particularity required by F.R.C.P. §9(b), nor do the allegations meet the F.R.C.P. §8 requirement of a short and plain statement that puts forth the grounds for relief and provides defendants with notice of the claims against them. These deficiencies warrant a dismissal of plaintiffs' RICO claims pursuant to F.R.C.P. §12(b)(6).

V

**Plaintiffs' RICO allegations are barred by the applicable Four Year Statute of Limitation.**

The Supreme Court has held that civil RICO claims are governed by the four-year limitations period for private antitrust damage suits set forth in Section 4B of the Clayton Act. Agency Holding Corp. v. Malley-Duff & Assocs., Inc. (1987) 483 U.S. 143, 150-152. The Second Amended Complaint is based upon the same facts as the original complaint, that is, that the alleged RICO violations occurred during the employment of Ed and came to the attention of Ed during his employment by Strategic, which ended on April 29, 2005. All the predicate acts applicable to the RICO claims set forth in the complaint occurred prior to Ed's employment termination. This complaint was then filed more than 4 years later and is necessarily time-barred. Dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness. Hollander v. Brown 457 F.3d 688, 691 (C.A.7 Ill. 2006).

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES                                    Page 13

In their initial COMPLAINT, plaintiffs attempted to invoke equitable tolling by alleging that "Rita and Ed did not discover the enormous damage and losses caused by Weichler and his co-defendants until the latter part of 2005 and early 2006, when Arthur was forced to borrow again to make up for losses and margin calls in excess of $400,000." COMPLAINT, Page 7, lines 8-11. Now, in the Second Amended Complaint, Plaintiffs change their claimed tolling period, alleging that defendant somehow "kept plaintiffs ignorant of the true nature of the predatory and fraudulent loan products they had been sold until about August 16, 2005, when Weichler falsely re-assured Rita via telephone that the loan secured by the family residence was a 'superior product'."

Defendant first questions how Weichler's alleged "false reassurance" on August 16, 2005 would disclose to plaintiffs the facts they were allegedly ignorant of?

More importantly, however, is the inconsistency, without explanation, of the alleged "discovery." In the COMPLAINT, it is alleged that plaintiffs discovered the damages and loss in late 2005 or early 2006, while the Second Amended Complaint alleges discovery on or about August 16, 2005.

Most important is the fact that plaintiffs continue to allege that all defendants' acts occurred during the employment of Ed, which ended on April 29, 2005. Plaintiffs then fail to provide any sufficient factual allegations that would cause the Court to invoke equitable tolling. The Ninth Circuit noted, in <u>Stoll v. Runyon</u> (1999)

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

165 F.3d 1238, 1242, that "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." Here, there are no allegations in the complaint that defendants in any way "prevented" plaintiffs from asserting their claims. Plaintiffs' assertions that Weichler "reassured" plaintiffs certainly does not rise to the level of acts preventing plaintiffs from asserting a claim.

In Rotella v. Wood (2000) 528 U.S. 549, the Supreme Court, in holding that the Clayton Act four year statute of limitations applied to a civil RICO claim, emphasized its earlier ruling that "generally, a cause of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business." Rotella v. Wood, at 558. In analogizing a RICO claim to a medical malpractice claim, the Court commented that "A person suffering from inadequate treatment is thus responsible for determining within the limitations period then running whether the inadequacy was malpractice." Rotella v. Wood, at 556. Here, the alleged injuries were all suffered prior to the termination of Ed's employment in April, 2005 and it must be noted that for a considerable period during the running of the statute, plaintiffs' current counsel represented Ed in his state action against defendants and had a more than adequate opportunity to ascertain whether the activities during Ed's employment constituted compensable RICO violations.

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES        Page 15

There is no legal reason why the statute of limitations should be tolled. It ran no later than April 29, 2005, 4 years after Ed's employment terminated. This action was filed on June 12, 2009 and is untimely.

VI

**Ed Summerfield lacks standing to pursue a RICO action against defendants**

It is evident that ED was not the target of any alleged lending fraud, but rather, an unrelated third-party or a possible participant in the acts, if there were any. Had Ed alleged some direct causation of harm to his property proximately caused by the alleged RICO violation, which was provable and cognizable as a matter of law, then Ed's RICO claim could possibly survive a motion to dismiss for lack of standing. As it is, Ed has no standing to sue. Sedima, S.P.R.L. v. Imrex, Co., (1985) 473 U.S. 479  It cannot be shown that but for defendants' alleged fraud, Ed would not have been terminated. Once his job performance was deemed unsatisfactory, no alleged pattern of fraudulent lending activity obligated defendant STRATEGIC to continue to employ him. While plaintiff asserts that the prospect of millions in realtor earnings and revenues were used to entice him to sign on as a trainee, STRATEGIC had the discretion to hire and fire employees in plaintiff's trainee position at will, at any time.  Proximate causation, a necessary requirement under RICO, thus simply cannot be shown.  Since it cannot be shown as a matter of law that but for defendants' alleged lending fraud, plaintiff would have retained his position, plaintiff's claim is one which fails to state an injury

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES          Page 16

cognizable under RICO.

In this Second Amended Complaint, Ed attempts to gain standing by alleging that he is a beneficiary of a his parents' family trust. It is clear from the complaint that Ed had no present interest in the property owned by his parents. Plaintiffs repeatedly claim that the home loans were sold to Arthur and Rita. Ed Summerfield does not and cannot state that he was a party to the real estate loan transactions mentioned. At best, Ed was a remainder beneficiary of his parents' Revocable Trust (Arthur and Rita controlled all the property in the trust) and his parents undoubtedly had the right to amend or revoke the trust at will. They could amend the trust to provide that Ed gets more or less or even nothing upon their death. Ed's interest in his parents' property was, at best, an expectancy and does not give him standing to bring this action.

The complaint does not allege that Ed was the Trustee of his parents' family trust. Since the loans obtained using the trust real property were obtained by Ed and Rita, it is apparent that one or both of them were the Trustee(s) of the trust. A beneficiary of a trust has no standing to sue third parties who commit misconduct with respect to trust assets, as alleged herein. Saks v. Damon Raike & Company (Calif. 1992) 7 CA 4th 410. The trustee of the trust is the real party in interest for prosecuting said suits. Powers v. Ashton (Calif. 1975) 45 CA3d 783, 787.

Accordingly, ED has no standing to bring this RICO claim and the RICO cause(s) of action must be dismissed as to him.

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES                Page 17

## VII

**Ed's allegations are all based upon his employment by Strategic which should be litigated in a state action.**

Ed's allegations regarding his employment give rise to a State Action, not a Federal question to be litigated by this court.

Ed's superior court complaint (Exhibit B), brought in the California state court, contains the same allegations as this Second Amended Complaint. Those allegations (breach of contract and Labor Code based claims) are not actions giving rise to a Federal lawsuit.

In a similar case where an employee attempted to invoke Federal RICO jurisdiction over a wage and hour claim (with substantially greater factual allegations than here), the Ninth Circuit refused to condone plaintiff's effort to transform a California state law wage and hour claim into a Federal Rico claim, commenting that "We decline to expand RICO's reach to transform the federal courts into a general venue for ordinary state wage disputes." Miller v. Yokohama Tire Corporation (2004) 358 F.3d 616.

Interestingly, the Miller case was initially brought in the California Superior Court, as was Ed's claim, and then subsequently remanded to that Court upon dismissal of the federal action. Here, plaintiff voluntarily dismissed his California state court action "without prejudice." Upon dismissal of this action, he is free to once again pursue his action in the California state courts.

///

///

///

# VIII

**This Court should decline to exercise supplemental jurisdiction over Ed's claims as such claims are not so related to the claims of Arthur and Rita that they form part of the same case or controversy.**

Here, Ed has filed this action alleging the identical state claims that he brought in the Santa Clara County Superior Court. In an attempt to have this court adjudicate his employment related claims, he has joined his parents as plaintiffs and included RICO claims of Arthur and Rita. Ed is attempting to bootstrap his claims and controversy onto the claims of his parents to invoke the jurisdiction of this court over his state-based claims. A review of this Second Amended Complaint shows that the claims of Arthur and Rita are distinct and separate from Ed's assertions.

As addressed above (Paragraph VI), Ed's attempt to include himself as a RICO plaintiff must fail because, as a beneficiary of his parents' trust, he has no standing to pursue claims on behalf of the Trust.

Ed's claims are all based upon his employment by Strategic and his relationship with Ali in that employment and are California based state claims. The claims of Arthur and Rita are, at best, RICO-based fraud claims regarding stock trading and loan activities. The claims are distinct and separate and should not be jointly adjudicated by this court. As mentioned, Ed has no standing to pursue his parents' claims.

Ed prosecuted his state action and, when it appeared obvious that he would lose that action, he voluntarily dismissed his

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES        Page 19

complaint. He now attempts to bring those same claims before this court by piggybacking them on the independent claims of his parents.

28 U.S.C. §1367 allows a federal court to exercise supplemental jurisdiction "where the relationship between the federal and state claims is such that they 'form *part of the same case or controversy* under Article III of the United States Constitution.' [28 USC §1367(a)(emphasis added)]" California Practice Guide, Federal Civil Procedure Before Trial (Rutter Group) ¶2:146.

The Supreme Court has held that a single case existed whenever the state and federal claims arose from "a common nucleus of operative facts" such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." United Mine Workers v. Gibbs (1966) 383 US 715, 725.

"Because the language of §1367(a)...was derived from United Mine Workers, it seems virtually certain that the "common nucleus of operative facts" test will continue to be the standard for supplemental jurisdiction." California Practice Guide, Federal Civil Procedure Before Trial (Rutter Group) ¶2:147.

Thus, where a plaintiff has claims based upon a common nucleus of operative facts, that plaintiff would ordinarily be expected to try all the claims in a single judicial proceeding. Here, however, Ed's claims are distinct and separate from the claims of Arthur and Rita and there is no expectation that they be tried in the same proceeding. Ed already elected to pursue his claims in California state court independent of his parents' claims and there is no reason

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

why he should now be allowed to re-litigate those claims in this court.

In its Order Granting Defendants' Motion to Dismiss (Document No. 39) this Court encouraged plaintiffs to include sufficient facts to raise plausible state claims for relief (Document 39, Page 5, fn. 4). Plaintiffs have failed to do so.

## IX

**The primary purpose of this action is to adjudicate Ed's employment related claims, which substantially predominate over the purported RICO claims of Arthur and Rita and the Court should decline to exercise supplemental jurisdiction over Ed's claims.**

In any action where the district court has original jurisdiction, the court may exercise supplemental jurisdiction over all other claims that are so related to claims in the action that they form part of the same case or controversy. 28 U.S.C. §1367(a). However, 28 U.S.C. §1367(c) provides that "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -... (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."

Here, the predominant claims are Ed's state-based contractual and tort based claims. The RICO claims brought by Arthur and Rita are ancillary, at best, and are clearly predominated by Ed's claims. This Court should decline to exercise supplemental jurisdiction over Ed's claims, relegating those claims to the California state court, where they belong.

## X

**The claims of defendant, Ed, are all barred by the applicable statute of limitations periods set forth in California State statutes.**

Ed claims that this court may litigate his state claims under the doctrine of supplemental jurisdiction. While defendant urges that this court decline to invoke Supplemental Jurisdiction to adjudicate the state claims (see above), a review of those state claims shows that they are all barred by the applicable California Statutes of Limitations and must be dismissed on that basis.

### A

### Negligence

The Second Cause of Action of the COMPLAINT is based upon Negligence. In this Second Amended Complaint, plaintiffs have abandoned any negligence based causes of action and, therefore, defendant will not once again address the negligence statutes of limitations.

### B

### Second Cause of Action - Breach of Fiduciary Duty

Under California law, Breach of Fiduciary Duty allegations may be subject two different Statute of Limitations periods. When the alleged breach is based upon actual or constructive fraud, <u>Code of Civil Procedure</u> §338 mandates a 3 year limitations period. However, a Breach of Fiduciary Duty that does not amount to actual or constructive fraud is governed by the <u>Code of Civil Procedure</u> §343 four year "catch-all" statute of limitations [<u>Stalberg v. Western</u>

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

Title Insurance Co. (1991) 230 CA 3d 1223, 1230, 282 CR 43, 48] California Practice Guide, Civil Procedure Before Trial, Statutes of Limitations (Rutter Group) ¶4:1791. No matter which limitation period applies, plaintiffs' breach of fiduciary duty claims, which are based upon actions that occurred during Ed's employment, are time-barred as this action was filed more than 4 years after the termination of that employment.

While unclear, incomplete, and vague, this cause of action appears to also claim a breach of fiduciary duty owed to Arthur and Rita. However, plaintiffs fail to assert the basis for their allegation of a fiduciary relationship between defendants and and Arthur & Rita. In any event, the Complaint only alleges activities between plaintiffs and defendants during the period of Ed's employment and never claims that any fiduciary relationship existed between defendants and either Arthur or Rita after the termination of Ed's employment. Since this action was brought more than 4 years after the termination of Ed's employment, any breach of fiduciary duty action is time-barred.

C

### Third Cause of Action - Breach of Contract

In the Third Cause of Action, Ed alleges that defendants breached the employment contract between Ed and defendants. Ed's employment was terminated on April 29, 2005, which would be the last operative breach of the employment contract. This action was brought on June 12, 2009, more than 4 years later and, if the employment

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

agreement was a written contract as alleged by Ed, California Code of Civil Procedure §337 requires that an action based upon such a written contract must be brought within 4 years. This cause of action is therefore time-barred.

<center>D</center>

<center>Fourth Cause of Action:
Breach of Covenant of Good faith and Fair Dealing</center>

The boilerplate and conclusory allegations of this Fourth Cause of Action fail to state a cause of action against defendants. Generally, allegations claiming a breach of a covenant of good faith and fair dealing have arisen in a contractual or insurance bad faith setting, where it has been held that either a tort 2 year statute of limitations (Code of Civil Procedure §339) applies or a 4 year statute of limitations for breach of a written contract (Code of Civil Procedure §337) applies. [California Practice Guide, Civil Procedure Before Trial, Statutes of Limitations (Rutter Group) ¶¶4:1153 & 4:1162]. Here, all operative facts occurred more than 4 years before the bringing of this action and this cause of action is therefore barred by those Statutes of Limitations.

<center>E</center>

<center>Fifth Cause of Action:
Unpaid wages, unreimbursed expenses and related Labor Code claims.</center>

California statutory wage and hour claims are subject to the 3 year statute of limitations of Code of Civil Procedure §338(a) for an action based upon a liability created by statute. [California Practice Guide, Civil Procedure Before Trial, Statutes of Limitations

(Rutter Group) ¶4:1287]. Here, all plaintiff's wage claims arose no later that the termination of his employment more than 4 years prior to the commencement of this action and, therefore, are barred by the provisions of CCP §338(a).

Plaintiffs have failed to plead sufficient facts to avoid the applicable State Statutes of Limitations even though encouraged to do so by this Court. (Document 39, Page 5, fn. 4). It is obvious that plaintiffs are unable or unwilling to do so.

## CONCLUSION

This Second Amended Complaint fails to state a cause of action against defendants. It should be dismissed with direction to plaintiff(s) that they may seek appropriate relief, if any there be, in the California state courts. Plaintiffs have had an adequate opportunity to amend their pleadings and should not be given further leave to amend.

Respectfully submitted,

Dated: July 18, 2010

_____/s/_____
Vincent J. Kilduff
Attorney for Defendant,
ALI WEICHLER

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES          Page 25