```
VINCENT J. KILDUFF, S.B. #57494
Law Offices of
Vincent J. Kilduff
181 Devine Street
San Jose, Calif. 95110
(408) 279-4400

Attorney for defendant,
Ali Weichler
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ED SUMMERFIELD, ARTHUR SUMMERFIELD, RITA SUMMERFIELD, <br><br>　　　　　　Plaintiffs, <br><br>　　vs. <br><br>STRATEGIC LENDING CORPORATION, ALI WEICHLER, LEONARDO "LEO" AGUSTIN, ERIC SWENSEN, DOES 1-30, <br><br>　　　　　　Defendants. | Case No. C09-02609 HRL <br><br> **REPLY MEMORANDUM IN RESPONSE TO OPPOSITION TO MOTION FOR DISMISSAL** <br><br> Date of Hearing: 8/31/10 <br> Time of Hearing: 10:00 A.M. <br> Courtroom No. 2 <br> Honorable Howard R. Lloyd |

　　Defendant, ALI WEICHLER, presents the following Memorandum in reply to plaintiffs' opposition to defendant's motion for dismissal:

　　While defendant believes the argument and authority set forth in the motion is sufficient to support a dismissal of the complaint, this Reply will briefly address some of defendants' responsive allegations. If a particular responsive allegation is not discussed in this Reply, Defendant does not thereby acknowledge that

---

REPLY MEMORANDUM

plaintiffs' argument is prevailing, but asks the Court to consider all the arguments, including those made in support of Defendant's Motion to Dismiss.

## I

### General Comment

Once again, just as they stated in their opposition to Defendants' first Motion to Dismiss, plaintiffs allege that "Arthur can show his losses were proximately caused by the defendants," (Opposition, Page 6, lines 4-5), "Ed can allege and prove an injury to his property interest" (Opposition, Page 6, lines 7-8), and "Plaintiffs can allege specific activity of racketeering" (Opposition, Page 7, lines 1-2). In the Order granting defendants' first Motion to Dismiss, this Court noted that the complaint failed to plead the alleged underlying fraud with particularity and failed to allege specific damages to property proximately caused by the alleged acts of defendants. The Second Amended Complaint contains the same deficiencies, even though plaintiffs were put on notice of the necessary corrections by this Court.

## II

**The Second Amended Complaint fails to allege any specific damage suffered by Arthur or Rita proximately caused by the alleged fraudulent activities of defendants.**

A review of the Second Amended Complaint reveals that plaintiffs nowhere allege any specific damages suffered by Arthur and Rita caused by the alleged RICO violations. There are vague and unspecified comments about a "superior product" and "junk note," but plaintiffs never make any specific damage allegations, just undefined

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

and ambiguous allegations. These certainly do not meet the requirements of FRCP §9(b).

It is impossible to see how the losses Arthur suffered in day trading can be proximately caused by the alleged predicate acts giving rise to a RICO claim. Plaintiffs argue that defendants fraudulently induced plaintiffs to refinance their real property loans. Then plaintiff alleges that defendant Weichler, alone, started Arthur day-trading. "Proximate causation requires some direct relation between the injury asserted and the injurious conduct alleged." Canyon County v. Syngenta Seeds, Inc. 519 F.3d 969, 981 (9th Cir. 2008). Here, there are no allegations sufficient to support a claim that the day-trading losses were proximately cause by the alleged RICO predicate acts.

### III

**Plaintiffs' argument, without authority, that the RICO statute of limitations was equitable tolled, cannot stand scrutiny.**

Equitable tolling is a judicial doctrine which operates independently of statutory limitations periods. For equitable tolling of a federal statute of limitations, a plaintiff must show "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida (2007) 549 US 327, 336. Here, plaintiffs have made no such showing. They had 4 years after the date Ed was fired from his employment (the last date an alleged predicate act could have occurred) to bring this action, but failed to diligently pursue this Federal cause of action, even though Ed was pursuing his

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

REPLY MEMORANDUM                Page 3

1 | state labor claims, represented by the same attorney as here.

2 | The mere fact that Weichler may have assured Rita in August,
3 | 2005, that the real property loan she had obtained earlier was a
4 | superior product can in no way be an "extraordinary circumstance"
5 | preventing a timely filing of the complaint.

6 | The complaint was not timely filed, this action is therefore
7 | time-barred, and must be dismissed.

## IV

**Plaintiff incorrectly argues that the doctrine of equitable tolling allowed Ed to dismiss his state complaint, file a new action, and have the statute of limitations tolled during the pendency of the first action.**

Ed's employment related causes of action are all brought pursuant to California statute. California Equitable tolling applies in very limited circumstances. Here, plaintiffs seem to allege that it applies where Ed voluntarily dismissed his state court action, then re-asserted those same allegations in this federal action. In fact, equitable tolling has been specifically rejected:

1. Where a plaintiff dismissed an action and refiled it to get a more convenient trial date [Thomas v. Gilliland (2002) 95 CA4th 427, 433-434];

2. Where, as here, a plaintiff moved a case from one forum to another in the hope of obtaining more favorable rulings [Mitchell v. Frank R. Howard Mem. Hosp. (1992) 6 CA4th 1396, 1407-1408, citing Bacon v. City of Los Angeles (9th Cir. 1988) 843 F.2d 372, which denied a plaintiff's claim of equitable tolling where, as here, the plaintiff dismissed his state court action after receiving

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

REPLY MEMORANDUM — Page 4

unfavorable pretrial rulings in state court]; and

3. Where the plaintiff was Judge shopping [<u>Hernandez c. City of El Monte</u> (9th Cir. 1998) 138 F.3d 393,402].

Where an action is voluntarily dismissed without prejudice, the dismissal is not res judicata, and is no bar to plaintiff's filing a new lawsuit *as long as the statute of limitations has not run in the interim* (emphasis added). <u>Wells v. Marina City Properties, Inc.</u> (1981) 29 C.3d 781, 784. If plaintiff wishes to pursue a state action after dismissal of this federal case, there is no prohibition against doing so and the statute of limitations issue can be revisited there if plaintiff so desires.

Here, however, the statute of limitations on plaintiffs' state action claims has run and was not tolled, by statute or otherwise. The action must be dismissed.

V

**It is inconceivable that Ed suffered losses proximately caused by the alleged fraudulent activity and he lacks standing to assert a RICO claim against defendants.**

The Second Amended Complaint vaguely alleges that Ed suffered damage to his inheritance and his credit score. As indicated in the Memorandum in support of this motion, Ed's inheritance was a mere expectation. In Paragraph 33 of the Second Amended Complaint, Ed alleges that his inheritance (without indicating the extent thereof) was wiped out, as was his ability to borrow from the equity in properties *owned by Rita and Arthur* (emphasis added). The only conceivable way Ed could borrow from the equity in properties owned by others would be for the property owner to borrow, then lend the

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

REPLY MEMORANDUM    Page 5

money to Ed. This is not alleged and any inability of the property owners to borrow does not give rise to a cause of action by Ed.

Likewise, it is impossible to see how Ed's credit rating could be affected by his parent's financial situation. He does not claim to be a party to his parent's loan proceedings

## CONCLUSION

This is Plaintiffs' Second Amended Complaint. They were well-advised of the deficiencies in their original complaint by the Court in the Order Granting Defendants' Motion to Dismiss. Despite this Court's encouragement, Plaintiffs have failed to correct those deficiencies and it is clear that the Second Amended Complaint, as did the original complaint, lacks the essential elements necessary to withstand a Motion to Dismiss.

Defendant urges the Court to grant his Motion to Dismiss without leave to amend.

Respectfully submitted,

Dated: August 17, 2010

_____
Vincent J. Kilduff
Attorney for Defendant,
ALI WEICHLER

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

REPLY MEMORANDUM                                    Page 6