VINCENT J. KILDUFF, S.B. #57494
Law Offices of
Vincent J. Kilduff
181 Devine Street
San Jose, Calif. 95110
(408) 279-4400

Attorney for Defendant,
Ali Weichler

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

|  |  |  |
|---|---|---|
| ED SUMMERFIELD, ARTHUR SUMMERFIELD, RITA SUMMERFIELD,<br><br>Plaintiffs,<br><br>vs.<br><br>STRATEGIC LENDING CORPORATION, ALI WEICHLER, LEONARDO "LEO" AGUSTIN, ERIC SWENSEN, DOES 1-30,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. C09-02609 HRL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Date of Hearing: 11/23/2010<br>Time of Hearing: 10:00 A.M.<br>Courtroom No. 2 |

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS**

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS.....................................  I

TABLE OF AUTHORITIES..............................iii

INTRODUCTION.........................................  1

LIMITED ISSUES TO BE DECIDED........................  2

BACKGROUND FACTS AND ALLEGATIONS OF THE COMPLAINT...  3

ARGUMENT.............................................  4

    I    Ed Lacks Standing to pursue a
        RICO action against defendants............4

    II   Ed's Allegations are all based upon his
        employment by Strategic which should be
        litigated in a state
        action...................................5

    III  The Third Amended Complaint does not allege
        facts sufficient to establish "Racketeering
        Activity" required
        to support a RICO cause of action.........6

    IV   Plaintiffs' RICO allegations are barred
        by the applicable Four Year Statute of
        Limitations..............................8

    V    There are no allegations in the complaint
        sufficient to support an Equitable Tolling of
        the Statute of Limitations.....11

    VI   Plaintiffs have been given ample and
        numerous opportunities to file a
        jurisdictionally sufficient complaint but
        have failed to do so and it would be futile
        to allow them a further opportunity
        to file a fourth amended complaint.......14

-i-

1

CONCLUSION........................................15

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

1

2 **TABLE OF AUTHORITIES**

3 **Page(s)**

4

5 **CASES**

6 *Agency Holding Corp. v. Malley-Duff &*
7 *Assocs., Inc. (1987)*
483 U.S. 143.....................................8, 9

8 *Ashland Oil, Inc. V. Arnett (1989)*
9 875 F.2d 1271.......................................7

10 *Hollander v. Brown*
457 F.3d 688.......................................11
11

12 *Miller v. Yokohama Tire Corporation (2004)*
358 F.3d 616........................................6

13 *Powers v. Ashton (1975).*
14 45 C.A.3d 783.......................................5

15 *Rotella v. Wood (2000)*
528 U.S. 549.......................................13
16

17 *Saks v. Damon Raike & Company (1992)*
7 C.A.4th 410.......................................5

18 *Sedima, S.P.R.L. v. Imrex Co. (1985)*
19 473 U.S. 479........................................6

20 *Steinhart v. County of Los Angeles (2010)*
47 C.4th 1298.......................................5
21

22 *Stoll v. Runyon (1999)*
165 F.3d 1238......................................12

23

24

25

26

27

28 -iii-

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

**STATUTES**

**FEDERAL**

*18 U.S.C.* §1341...................................7, 9

*18 U.S.C.* §1343...................................7, 9

*18 U.S.C.* §1692.....................................6

*18 U.S.C.* §1961-68................................15

*F.R.C.P.* §12....................................1, 11

*F.R.C.P.* §15.......................................14

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

VINCENT J. KILDUFF, S.B. #57494
Law Offices of
Vincent J. Kilduff
181 Devine Street
San Jose, Calif. 95110
(408) 279-4400

Attorney for Defendant,
Ali Weichler

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

ED SUMMERFIELD, ARTHUR SUMMERFIELD, )
RITA SUMMERFIELD, )
                                    )
                    Plaintiffs, )
                                    )
             vs.                     )
                                    )
STRATEGIC LENDING CORPORATION,    )
ALI WEICHLER, LEONARDO "LEO"      )
AGUSTIN, ERIC SWENSEN, DOES 1-30, )
                                    )
                    Defendants. )
———————————————————————— )

Case No. C09-02609 HRL

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**

Date of Hearing: 11/23/2010
Time of Hearing: 10:00 A.M.
Courtroom No. 2

## INTRODUCTION

     Defendant, ALI WEICHLER ("Ali"), presents the following memorandum in support of his motion to dismiss the Third Amended Complaint on the basis that (a) this Court lacks subject matter jurisdiction [FRCP §12(b)(1)], and (b) the complaint fails to state a claim upon which relief can be granted [FRCP §12(b)(6)].

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

The Court granted defendant's motion to dismiss the plaintiffs' Original Complaint[1] and first two amended complaints, but has gratuitously granted plaintiffs leave to file amended complaints. The Third Amended Complaint does nothing to solve the deficiencies present in the prior complaints and must also be dismissed. Plaintiffs have now been given ample opportunity to present a jurisdictionally sufficient complaint. They have failed to do so and defendant urges that this Third Amended Complaint be dismissed without leave to amend. This matter must be put to rest.

## LIMITED ISSUES TO BE DECIDED IN THIS MOTION

In the previously filed complaints, plaintiffs raised California State Claims (2nd A.Comp. Causes of Action 2-5) and asked this Court to exercise Supplemental Jurisdiction over those state claims (2nd A.Comp. ¶8). In this Third Amended Complaint, no state causes of action are presented and plaintiffs do not ask this Court to exercise supplemental jurisdiction over any such state law claims. Although this motion will briefly address those claims, defendant reserves the right to address any such claims in detail if and when they may be presented.

The issues to be decided by the Court in this motion are:

1.   Ed Summerfield's ("Ed") standing to prosecute a RICO

---

[1]
Original Complaint refers to plaintiffs' Complaint for Damages, filed June 12, 2009 as Document No. 1; 2nd A.Comp. refers to plaintiffs' Second Amended Complaint filed June 18, 2010 as Document No. 68; 3rd A.Comp. refers to plaintiffs' Third Amended Complaint filed October 4, 2010 as Document No. 86.

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

action.

2. The employment related factual allegations do not support a federal cause of action and plaintiffs have not requested this Court to exercise Supplemental Jurisdiction over any such claims.

3. Allegations of Racketeering activity in the complaint.

4. RICO Statute of Limitations.

5. Plaintiffs' claim that the Statute of Limitations should be equitably tolled.

6. Whether plaintiffs should be granted a further opportunity to amend the complaint.

## BACKGROUND FACTS AND ALLEGATIONS OF THE THIRD AMENDED COMPLAINT

On April 2, 2010, this Court entered its Order Granting Defendants' Motion to Dismiss plaintiffs' Original Complaint. However, the Order allowed plaintiffs the opportunity to file an amended complaint within 14 days.

Plaintiffs failed to file their First Amended Complaint in a timely manner and Defendant brought his second Motion to Dismiss because of plaintiffs' delay. The Court, after admonishing plaintiffs, denied defendant's motion and allowed plaintiffs to file a Second Amended Complaint. Defendant again moved for dismissal of that Second Amended Complaint and, on September 20, 2010, this Court again granted defendant's motion. However, for the third time, the Court again allowed plaintiffs the opportunity to file a further amended complaint. Defendant now moves to dismiss that Third Amended

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS                                    Page 3

Complaint.

The factual allegations of the Third Amended Complaint are virtually the same as those of the previously filed complaints. Defendants contend and allege that this new complaint does nothing to overcome the deficiencies in the Original Complaint and the Second Amended Complaint and should be dismissed, without leave to amend.

**ARGUMENT**

**I**

**Ed lacks standing to pursue a RICO action against defendants.**

In defendant's Motion to Dismiss the Second Amended Complaint, defendant discussed, at length, the failure of plaintiffs to establish any RICO claim by Ed related to his employment claims and this Third Amended Complaint presents nothing to overcome that failure.

In this Third Amended Complaint, Ed again attempts to gain standing by alleging that he is a beneficiary of his parents' family trust. It is clear from the complaint that he had and has no present interest in the property owned by his parents. Plaintiffs repeatedly claim that the home loans were sold to his parents, Arthur Summerfield ("Arthur") and Rita Summerfield ("Rita"). Ed does not and cannot state that he was a party to those real estate loan transactions. At best, Ed was a remainder beneficiary of his parents' Revocable Trust, as he admitted at oral argument on defendant's

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS                                    Page 4

Motion to Dismiss the Second Amended Complaint (Order[2], Page 6, line 17 through P.7, line 10). Ed's interest in his parents' property was, at best, an expectancy that could "evaporate in a moment at the whim of the trustor." Steinhart v. County of Los Angeles (2010) 47 C.4th 1298, 1319-1320.

The complaint does not allege that Ed was the Trustee of his parents' family trust. Since the loans obtained using the trust real property were obtained by Arthur and Rita, it is apparent that one or both of them were the Trustee(s) of the trust. A beneficiary of a trust has no standing to sue third parties who commit misconduct with respect to trust assets, as alleged herein. Saks v. Damon Raike & Company (Calif. 1992) 7 CA 4th 410. The trustee of the trust is the real party in interest for prosecuting said suits. Powers v. Ashton (Calif. 1975) 45 CA3d 783, 787.

Accordingly, Ed has no standing to bring this RICO claim and the RICO cause(s) of action must be dismissed as to him.

## II

**Ed's allegations are all based upon his employment by Strategic which should be litigated in a state action.**

**[NOTE: As indicated above, the Third Amended Complaint does not request the Court to exercise Supplemental Jurisdiction over any state law claims, but still includes the factual allegations that may give rise to such claims. Therefore, the following brief analysis is presented in that regard.]**

Ed's allegations regarding his employment give rise to a State Action, not a Federal question to be litigated by this court.

---

2

Order refers to the Order Granting Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint, Document No. 85, filed 9/20/10.

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

1    In a similar case where an employee attempted to invoke Federal

2  RICO jurisdiction over a wage and hour claim (with substantially

3  greater factual allegations than here), the Ninth Circuit refused to

4  condone plaintiff's effort to transform a California state law wage

5  and hour claim into a Federal Rico claim, commenting that "We decline

6  to expand RICO's reach to transform the federal courts into a general

7  venue for ordinary state wage disputes." Miller v. Yokohama Tire

8  Corporation (2004) 358 F.3d 616.

9    Interestingly, the Miller case was initially brought in the

10  California Superior Court, as was Ed's claim, and then subsequently

11  remanded to that Court upon dismissal of the federal action. Here,

12  plaintiff voluntarily dismissed his California state court action

13  "without prejudice." He is free to once again pursue his action in

14  the California state courts whenever he chooses.

15                              III

16    **The Third Amended Complaint does not allege facts**
   **sufficient to establish "Racketeering Activity" required to**
17  **support a RICO cause of action.**

18

19    The RICO  statute makes it illegal for "any person employed by

20  or associated with any enterprise engaged in, or the activities of

21  which affect, interstate or foreign commerce, to conduct or

22  participate, directly or indirectly, in the conduct of an

23  enterprise's affairs through a pattern of racketeering activity." 18

24  U.S.C. §§1692(c)&(d). Thus, to state a claim for a violation of this

25  section, plaintiffs must plead "(1) conduct (2) of an enterprise (3)

26  through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v.

27  Imrex Co. (1985) 473 U.S. 479, 497.

28

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

"Racketeering Activity" is defined as a number of specific criminal acts under federal or state laws. [18 U.S.C. §1961(1)]. In the Third Amended Complaint, plaintiffs base their RICO claim on Racketeering Activity, "such as mail fraud, wire fraud, extortion (by inter alia threatening to terminate Ed if he did not assist in obtaining loans from his parents in December 2003 and in June, 2004; and by falsely claiming in the April 29, 2005 letter to Ed that it was Ed who would be prosecuted if Ed complained or filed any action), financial institution fraud, and interstate transportation and sale of fraudulently obtained goods" (3rd A.Comp. ¶58). These unadorned and unsupported allegations are exactly the same as those made in the Second Amended Complaint (2nd A.Comp. ¶49).

In its Order Granting Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Docket No. 85), this Court expressly found that the allegations of that Second Amended Complaint failed to sufficiently allege any predicate acts of racketeering activity. That deficiency still exists in the Third Amended Complaint.

Mail Fraud requires the use of the mails. 18 U.S.C. §1341. The Third Amended Complaint, as did the Second Amended Complaint, fails to allege that any mailing took place. In its Order [Docket No. 85 (Page 8, lines 7-13)], the Court pointed this out to plaintiffs, but plaintiffs still failed to include any such allegations in the Third Amended Complaint and it can be presumed that they cannot allege any fact of mailing.

Wire Fraud is an indictable offense under 18 U.S.C. §1343 only if it involves *interstate* wire communications. 18 U.S.C. §1343. Ashland Oil, Inc. v. Arnett (7th Cir. 1989) 875 F.2d 1271, 1276. In

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

1   its Order [Docket No. 85 (Page, 8, lines 14-22)] this Court pointed

2   out to plaintiffs that the Second Amended Complaint failed to allege

3   that any of the wire communications (telephone calls and faxes)

4   purportedly made in support of defendants' scheme were interstate. In

5   the Third Amended Complaint, plaintiffs again fail to allege any

6   interstate wire communications. It must be inferred that there were

7   none and, therefore, the alleged (intrastate) wire fraud is

8   insufficient to support plaintiffs RICO claims.

9      Plaintiffs repeat their allegation of "extortion" as a predicate

10   crime the same as they did in the Second Amended Complaint and, as

11   the Court indicated in its Order [Docket No. 85 (Page 5, fn.4)],

12   plaintiffs did not sufficiently state a claim for extortion. They

13   still have not done so, after being given the opportunity to do so.

14      As in the Second Amended Complaint, the Third Amended Complaint

15   makes bald, unsupported claims of "interstate transportation and sale

16   of fraudulently obtained goods" and "financial institution fraud"

17   without actually alleging any facts in support of these allegations.

18   As to these purported predicate crimes, plaintiffs were advised by

19   this Court that the allegations were deficient, but they have still

20   failed to include any factual allegations sufficient to sustain such

21   claims and it must be concluded that they cannot.

22                        **IV**

23      **Plaintiffs' RICO allegations are barred by the applicable**

24      **Four-Year Statute of Limitation.**

25

26      The Supreme Court has held that civil RICO claims are governed

27   by a four-year limitations period. Agency Holding Corp. v. Malley-

28

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

---

Duff & Assocs., Inc. (1987) 483 U.S. 143, 150-152. The Third Amended Complaint is based upon the same facts as the Original Complaint and the Second Amended Complaint, that is, that the alleged RICO violations occurred during the employment of Ed and came to the attention of Ed during his employment by Strategic, which ended on April 29, 2005. Plaintiffs filed their Original Complaint on June 12, 2009. Yet they plead, as they have repeatedly done, that the events at issue took place during Ed's employment by Strategic. For example, a review of the Third Amended Complaint reveals that any and all alleged acts giving rise to this action occurred prior to April 29, 2005. For example:

  a.   In May, 2003, Weichler asked Ed to leave his position with Novastar and made representations to Ed, Rita and Arthur in 2003 (3rd A.Comp. ¶14).

  b.   While Ed worked for Weichler, Weichler met with Rita and Arthur (3rd A.Comp. ¶31).

  c.   Almost from the beginning, Weichler pulled Arthur aside and talked about day-trading stocks (3rd A.Comp. ¶32).

  d.   Day trading by Arthur started in earnest toward the end of 2003 (3rd A.Comp. ¶36).

  e.   The first loan sold to plaintiffs was in early 2004 (3rd A.Comp. ¶38).

  f.   That loan, which closed escrow on about December 26, 2003...Weichler told Plaintiffs in person and by telephone up until December 26, 2003 (3rd A.Comp. ¶40).

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS                                    Page 9

g.   Weichler pushed through two more loans to the plaintiffs. These two new loans closed on about June 24, 2004 (3rd A.Comp. ¶42).

h.   These two loans were obtained using wires (facsimile) and the telephone mostly to Rita...ending on June 23, 2004 (3rd A.Comp. ¶43).

I.   Swenson and Weichler forwarded false information in connection with the 2004 primary residence mortgage (3rd A.Comp. ¶47).

j.   Ed learned that Weichler and Swenson did this with regard to other lenders as well, in December, 2004 and January, 2005 (3rd A.Comp. ¶48).

k.   Another loan was procured shortly after November 8, 2004 (3rd A.Comp. ¶49).

l.   Loan applications were filled out, in order to obtain the January, 2005 loan (3rd A.Comp. ¶52).

m.   In one case related to a December 8, 2004 loan... (3rd A.Comp. ¶55).

n.   Ed complained about these practices in early April, 2005 (3rd A.Comp. ¶56).

o.   If (Ed) did not assist in obtaining loans from his parents in December, 2003 and in June, 2004 (3rd A.Comp. ¶58).

All the activities applicable to the RICO claims of the complaint occurred prior to Ed's employment termination. This

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS**          **Page 10**

complaint was then filed more than 4 years later and is necessarily time-barred. Dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness. <u>Hollander v. Brown</u> 457 F.3d 688, 691 (C.A.7 Ill. 2006).

V

**There are no allegations in the complaint sufficient to support an Equitable Tolling of the Statute of Limitations.**

In this Third Amended Complaint, plaintiffs allege that Ed had filed and dismissed a prior state action regarding his employment claims and that should act to toll the Statute of Limitations on this RICO claim, concluding that "thus all statute of limitations were tolled" (3rd A.Comp. ¶9). In their Original Complaint, plaintiffs attempted to invoke equitable tolling by alleging that "Rita and Ed did not discover the enormous damage and losses caused by Ali and his co-defendants until the latter part of 2005 and early 2006, when Arthur was forced to borrow again to make up for losses and margin calls in excess of $400,000" (Original Complaint, ¶30). Then, in the Second Amended Complaint, Plaintiffs change their claimed tolling period, alleging that defendant somehow "kept plaintiffs ignorant of the true nature of the predatory and fraudulent loan products they had been sold until about August 16, 2005, when Ali falsely re-assured Rita via telephone that the loan secured by the family residence was a 'superior product'" (2nd A.Comp. ¶38).

Plaintiffs now apparently claim that Rita's conversations with

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS            Page 11

Ali in June and August, 2005, regarding the already existing loans, somehow disclosed to plaintiffs the alleged racketeering activity (3rd A.Comp. ¶¶45,46) and should therefore act to toll the Statute of Limitations. It should be noted, however, that in plaintiffs' allegation that "Ed complained about these practices in early April, 2005..."(3rd A.Comp. ¶56), they admit that plaintiffs knew of the activities giving rise to their cause of action before the termination of Ed's employment.

Most important is that plaintiffs continue to allege that all defendants' acts occurred during the employment of Ed, which ended on April 29, 2005 and that Ed was aware of the loan practices before his employment was terminated in April, 2005.

The Ninth Circuit noted, in <u>Stoll v. Runyon</u> (1999) 165 F.3d 1238, 1242, that "Equitable tolling applies when the plaintiff is *prevented* from asserting a claim by wrongful conduct on the part of the defendant or when extraordinary circumstances beyond the plaintiff's control made it *impossible* to file a claim on time." Here, there are no allegations in the complaint that defendants in any way *prevented* plaintiffs from asserting their claims for over four years. Plaintiffs' assertions that Ali "reassured" plaintiffs certainly does not rise to the level of acts preventing plaintiffs from asserting a claim. The alleged loan practices occurred no later than April 29, 2005 and plaintiffs did not file their complaint until June, 2009, over 4 years later. They present no facts showing that defendants did anything to prevent plaintiffs from asserting their RICO claim for over 4 years or any extraordinary circumstances that

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS                    Page 12

prevented them from doing so.

In _Rotella v. Wood_ (2000) 528 U.S. 549, the Supreme Court, in holding that the Clayton Act four year statute of limitations applied to a civil RICO claim, emphasized its earlier ruling that "generally, a cause of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business." _Rotella v. Wood_, at 558. In analogizing a RICO claim to a medical malpractice claim, the Court commented that "A person suffering from inadequate treatment is thus responsible for determining within the limitations period then running whether the inadequacy was malpractice." _Rotella v. Wood_, at 556. This is exactly the same situation as in our case. Plaintiffs had the obligation to determine, within the limitations period, whether the defendants' actions gave rise to a RICO claim. All the facts necessary to make that determination occurred prior to April 29, 2005 and it was plaintiffs' responsibility to determine whether those actions constituted RICO violations within the limitations period.

Here, the alleged injuries were all suffered prior to the termination of Ed's employment in April, 2005 and it must be noted that for a considerable period during the running of the statute, plaintiffs' current counsel represented Ed in his state action against defendants and had a more than adequate opportunity to ascertain whether the activities during Ed's employment constituted compensable RICO violations.

There is no legal reason why the statute of limitations should be tolled. It ran no later than April 29, 2005, 4 years after Ed's

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

employment terminated. This action was filed on June 12, 2009 and is untimely.

**VI**

**Plaintiffs have been given ample and numerous opportunities to file a jurisdictionally sufficient complaint but have failed to do so and it would be futile to allow them a further opportunity to file a fourth amended complaint.**

Plaintiffs have now been given three opportunities to file an amended complaint sufficient to constitute a valid claim. Defendant contends that plaintiffs cannot and this motion should be granted without leave to amend.

While the Court should freely give leave to amend when justice so requires [FRCP 15(a)(2)], defendant urges that plaintiffs have now had ample opportunities to present facts sufficient to constitute a valid claim, have not, and cannot.

Defendant has now had to expend substantial and unnecessary monies attacking plaintiffs' deficient pleadings and will suffer undue prejudice if he must again address a fourth amended complaint. Ali is a private individual, is not insured, and has limited funds available to defend this action. He faces the distinct possibility of being financially unable to defend and rebut plaintiffs' claims if plaintiffs are given another opportunity to amend their complaint.

Defendant has contended that plaintiffs' action is barred by the Statute of Limitations and, in granting defendant's motion to dismiss the Original Complaint, this Court commented that "plaintiffs have failed to show that they filed the instant lawsuit within RICO's

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS                                    Page 14

four-year statute of limitations" (First Order[3], Page 4, lines 26-27). In neither their Second Amended Complaint or the instant Third Amended Complaint, have plaintiffs included any facts refuting that finding - they still allege that the operative facts giving rise to their RICO cause of action took place prior to Ed's employment termination on April 29, 2005, more than 4 years prior to the filing of this lawsuit. It would be futile to give plaintiffs a further opportunity to amend their complaint.

Furthermore, this Court's discretion to deny leave to amend is especially broad "when the Court has already given a plaintiff one or more opportunities to amend his complaint..." <u>Mir v. Fosburg</u> (9th Cir. 1980) 646 F.2d 342, 347. Here, plaintiffs have now been given four opportunities to file a valid RICO claim, but have still failed to do so. Enough is enough. Defendant vehemently urges the Court to grant defendant's motion *without leave to amend*.

### CONCLUSION

Plaintiffs have only alleged one cause of action claiming a violation of RICO, <u>18 U.S.C. §§1961-1968</u>. Although the caption contains an indication of "Employment" and the majority of the factual allegations in this complaint refer to Ed's employment by defendants, there are no causes of action claiming any employment related damages and plaintiffs have apparently withdrawn any state wage and employment related claims.

This Third Amended Complaint fails to state a cause of action

---

[3]

First Order refers to the Order Granting Defendants' Motion to Dismiss, filed April 2, 2010, as Document No. 39.

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

1   against defendants based upon RICO and it should be dismissed.

2      To the extent that any viable RICO claims may have been pled,

3   they are all barred by the four year RICO Statute of Limitations,

4   since any and all alleged predicate acts occurred no later that April

5   29, 2005, more than 4 years before the filing of the initial

6   complaint in this action.

7      Defendant respectfully requests that his Motion to Dismiss be

8   granted, without leave to amend, and that the Court enter a Judgment

9   of Dismissal in favor of defendant and against plaintiffs.

10

11                                     Respectfully submitted,

12

13

14  Dated: October 17, 2010          _____/s/_____
                                       Vincent J. Kilduff
15                                     Attorney for Defendant,
                                       ALI WEICHLER
16

17

18

19

20

21

22

23

24

25

26

27

28

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS                    Page 16