```
VINCENT J. KILDUFF, S.B. #57494
Law Offices of
Vincent J. Kilduff
181 Devine Street
San Jose, Calif. 95110
(408) 279-4400

Attorney for Defendant,
Ali Weichler
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ED SUMMERFIELD, ARTHUR SUMMERFIELD, RITA SUMMERFIELD, <br><br> Plaintiffs, <br><br> vs. <br><br> STRATEGIC LENDING CORPORATION, ALI WEICHLER, LEONARDO "LEO" AGUSTIN, ERIC SWENSEN, DOES 1-30, <br><br> Defendants. | Case No. C09-02609 HRL <br><br> REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT <br><br> Date of Hearing: 11/23/2010 <br> Time of Hearing: 10:00 A.M. <br> Courtroom No. 2 |

## INTRODUCTION

In this Reply Memorandum, defendant will not restate all the arguments presented in support of his motion, but will attempt to distinguish and rebut plaintiffs' arguments in opposition to the motion.

The Court granted defendant's motion to dismiss the Original

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

Complaint[1] and first two amended complaints, but has gratuitously granted plaintiffs leave to file new amended complaints. The 3rd A. Comp. does nothing to solve the deficiencies present in the prior complaints and must also be dismissed. Plaintiffs have now been given ample opportunity to present a jurisdictionally sufficient complaint. They have failed to do so and defendant urges that this 3rd A. Comp. be dismissed without leave to amend. This matter must be put to rest.

## ARGUMENT

### I

**Plaintiffs absolutely fail to make any argument not previously rejected by this Court regarding Ed's standing to pursue a RICO action.**

The allegations of the 3rd A. Comp. regarding Ed's claims are identical to those of the 2nd A. Comp. - that Ed, as a beneficiary of his parents' revocable trust, suffered damage to his business or property. In sustaining defendant's motion to dismiss the 2nd A. Comp., the Court ruled that "With no present interest in the funds contained in the trust, Ed cannot claim he suffered injury to his 'business or property,' and so he does not have standing under RICO." (Docket No. 85, Order Granting Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint, Page 7, lines 8-10.) Nothing has changed. Ed still lacks standing! It is clear from the complaint that he had and has no present interest in the property owned by his

---

[1] Original Complaint refers to plaintiffs' Complaint for Damages, filed June 12, 2009 as Document No. 1; 2nd A.Comp. refers to plaintiffs' Second Amended Complaint filed June 18, 2010 as Document No. 68; 3rd A.Comp. refers to plaintiffs' Third Amended Complaint filed October 4, 2010 as Document No. 86.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS            Page 2

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

parents.

Accordingly, Ed has no standing to bring this RICO claim and the RICO cause(s) of action must be dismissed as to him.

## II

**Plaintiffs' attempts to show that the allegations of the Third Amended Complaint establish "Racketeering Activity" are insufficient and misleading.**

In their opposition (Page 7, lines 1-3), plaintiffs claim that the 3rd A. Comp. contains allegations of mail fraud, wire fraud, and financial institution fraud. A review of that complaint reveals (as in the prior complaints) only conclusory allegations, unsupported by facts pled with particularity.

### MAIL FRAUD

As in each complaint, the 3rd A. Comp. contains absolutely no allegations that any mailing ever took place. Mail Fraud, as one might imagine, requires use of the mails. There are no such allegations in the 3rd A. Comp. .

### WIRE FRAUD

As previously noted, wire fraud gives rise to a RICO cause of action only if it involves interstate wire communications. Plaintiffs include two references to interstate wire communications, a telephone call from Rita in Hawaii to Ali in June, 2005 and a reference to underwriters in Nevada.

Since all the acts that give rise to plaintiffs' RICO claims occurred prior to Ed's employment termination on April 29, 2005, it is impossible to discern why a subsequent call from Rita regarding the already existing loans can be considered a predicate act.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS                    Page 3

Plaintiffs' attempt to mislead the court by arguing in the opposition that "facsimile transmissions (wire) and telephone averments by Weichler on May 19, 20, 22, 22(again) and finally on June 23, 2004, across state lines" cannot be condoned. The complaint does not so allege, only referring to the late June, 2005 call from Rita in Hawaii referred to above. There are no allegations that the above calls were across state lines; they were not.

The allegation regarding underwriters implies that the lenders forwarded whatever information they determined to their underwriters. There are no allegations identifying these underwriters or alleging any direct relationship or communications between defendants and the underwriters. It also must be noted that this alleged wire communication was in connection with a 2004 mortgage clearly more that 4 years before this action was undertaken.

## FINANCIAL INSTITUTION FRAUD

In the opposition, plaintiffs again contend, without any factual particularity, that defendants committed "financial institution fraud." Plaintiffs were advised by this Court in the prior order(s) granting defendant's motions that the allegations were deficient, but they have still failed to include any facts sufficient to sustain such claims and it must be concluded that they cannot.

## III

## STATUTE OF LIMITATIONS

It must be noted that plaintiffs present almost no argument (a mere 10 lines) regarding the statute of limitations, briefly arguing that (a) the last predicate act rule applies and (b) that federal

equitable tolling is applicable. Defendant will point out the fallacies in plaintiffs' inept arguments.

### A

**Plaintiffs' argument that the alleged phone calls from Rita in June and August, 2005 are separate overt acts that start the running of the Statute of Limitations running again (last predicate act rule) has been rejected by the Supreme Court.**

As previously indicated, the Supreme Court has held that civil RICO claims are governed by a four-year limitations period. <u>Agency Holding Corp. v. Malley-Duff & Assocs.</u>, Inc. (1987) 483 U.S. 143, 150-152. The 3rd A. Comp. is based upon the same facts as the Original Complaint and the 2nd A. Comp., that is, that the alleged RICO violations occurred during Ed's employment and came to the attention of Ed during his employment by Strategic, which ended on April 29, 2005.

In their Opposition, plaintiffs seem to argue that the telephone calls made by Rita to Weichler in June and August, 2005 constitute new overt acts that somehow allow plaintiffs to recover for injury caused by old overt acts outside the limitations period. Defendant doubts and disputes that these calls constitute overt acts, but notes that plaintiffs have not alleged how these calls caused any damage to plaintiffs. Their damage, if any, arose from the alleged acts committed prior to the termination of Ed's employment on April 29, 2005. But assuming, arguendo, that these calls might be considered new overt acts, that does "not permit plaintiffs to recover for injury caused by old overt acts." <u>Klehr v. A. O. Smith Corp.</u> (1997)

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS    Page 5

521 U.S. 179, 189. That Court, in rejecting the "last predicate act" rule, indicated that "as in the antitrust cases, the plaintiffs cannot use an independent, new predicate act as a bootstrap to recover for injuries caused by other earlier predicate acts that took place outside the limitations period." Klehr, supra, at page 190. And, as in Klehr, the plaintiffs "have not shown how any new act could have caused them harm over and above the harm that the earlier acts caused." Klehr, supra, at 190.

All the activities applicable to the RICO claims occurred prior to Ed's employment termination. This complaint was then filed more than 4 years later and is necessarily time-barred. Dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness. Hollander v. Brown 457 F.3d 688, 691.

B

**Plaintiffs' argument that Weichler intentionally misled Rita is insufficient to support Equitable Tolling of the Statute of Limitations.**

In the Original Complaint, plaintiffs attempted to invoke equitable tolling by alleging that "Rita and Ed did not discover the enormous damage and losses caused by Ali and his co-defendants until the latter part of 2005 and early 2006, when Arthur was forced to borrow again to make up for losses and margin calls in excess of $400,000" (Docket No. 1, Original Complaint, ¶30). Then, in the 2nd A. Comp., Plaintiffs change their claimed tolling period, alleging that defendant somehow "kept plaintiffs ignorant of the true nature

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

of the predatory and fraudulent loan products they had been sold until about August 16, 2005, when Ali falsely re-assured Rita via telephone that the loan secured by the family residence was a 'superior product'" (Docket No. 68, 2nd A.Comp. ¶38).

Now, in this 3rd A. Comp. plaintiffs claim that Rita's conversations with Ali in June and August, 2005, regarding the already existing loans, somehow tolled the Statute of Limitations. (Docket No. 86, 3rd A.Comp. ¶¶45,46).

The Ninth Circuit noted, in Stoll v. Runyon (1999) 165 F.3d 1238, 1242, that "Equitable tolling applies when the plaintiff is **prevented** from asserting a claim by wrongful conduct on the part of the defendant or when extraordinary circumstances beyond the plaintiff's control made it **impossible** to file a claim on time." There are no allegations that defendant prevented plaintiffs from asserting their claim for over 4 years!

In Rotella v. Wood (2000) 528 U.S. 549, the Supreme Court held that the Clayton Act four year statute of limitations applied to a civil RICO claim, emphasizing its earlier ruling that "generally, a cause of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business." Rotella v. Wood, at 558.

Here, the alleged injuries were all suffered prior to the termination of Ed's employment in April, 2005 and Ed knew of the alleged acts giving rise to this RICO action (if there were any) before his employment was terminated. Plaintiffs then had 4 years to bring this action, but failed to do so. There is no legal reason why

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS          Page 7

the Statute of Limitations should be tolled. It ran no later than April 29, 2009, 4 years after Ed's employment terminated. This action was filed on June 12, 2009 and is untimely.

IV

**It is time to put an end to this case. Plaintiffs have now filed 4 complaints and still are unable to state facts sufficient to state a claim against defendants.**

Plaintiffs have now filed four complaints, none of which is sufficient to constitute a valid claim. Defendant contends that plaintiffs cannot state a claim and this motion should be granted without leave to amend.

While the Court should freely give leave to amend when justice so requires [<u>FRCP 15(a)(2)</u>], defendant urges that plaintiffs have now had ample opportunities to present facts sufficient to constitute a valid claim but they have not, and cannot. Defendant strongly urges the Court to grant defendant's motion **without leave to amend**.

<u>CONCLUSION</u>

Plaintiffs have only alleged one cause of action claiming a violation of RICO, <u>18 U.S.C. §§1961-1968</u>. Although the caption contains an indication of "Employment" and the majority of the factual allegations in this complaint refer to Ed's employment by defendants, there are no causes of action claiming any employment related damages and plaintiffs have apparently abandoned any state wage and employment related claims in this action.

This 3rd A. Comp. fails to state a cause of action against defendants based upon RICO and it should be dismissed.

To the extent that any viable RICO claims may have been pled,

VINCENT J. KILDUFF
S.B.#57494
181 Devine Street
San Jose, CA 95110
(408) 279-4400

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS                    Page 8

they are all barred by the four year RICO Statute of Limitations, since any and all alleged predicate acts occurred no later than April 29, 2005, more than 4 years before the filing of the Original Complaint.

Defendant respectfully requests that his Motion to Dismiss be granted, without leave to amend, and the Court enter a Judgment of Dismissal in favor of defendants and against plaintiffs.

Respectfully submitted,

Dated: November 9, 2010

_____/s/_____
Vincent J. Kilduff
Attorney for Defendant,
ALI WEICHLER