Russell A. Robinson, 163937
Law Office of Russell A. Robinson
345 Grove Street, First Floor
San Francisco CA 94102
TEL: 415.255.0462
FAX: 415.431.4526

Counsel for Plaintiffs
ED SUMMERFIELD, ARTHUR SUMMERFIELD, and RITA SUMMERFIELD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ED SUMMERFIELD, ARTHUR SUMMERFIELD, and RITA SUMMERFIELD,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ALI WEICHLER, ET AL.,<br><br>　　　　Defendants. | No.　C-09-2609-HRL<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS PLAINTIFFS' COUNSEL OF RECORD; DECLARATION OF COUNSEL**<br><br>Date:　　　　September 13, 2011<br>Time:　　　　10:00 a.m.<br>Courtroom 2, 5th Floor<br>Trial:　　　　[No date set] |

**I.　NOTICE OF MOTION**

TO ALL PARTIES AND COUNSEL:

PLEASE TAKE NOTICE that Russell A. Robinson, on behalf of himself and his firm, shall and does hereby move for leave to withdraw as counsel of record for Plaintiffs Ed Summerfield, Arthur Summerfield, and Rita Summerfield. Hearing shall be on September 13, 2011, at 10:00 a.m., or as soon as the Court may hear the matter, in Courtroom 2 on the Fifth Floor, at the Robert F. Peckham Federal Building, 280 South 1st Street, San Jose CA.

This motion is based on these papers, the Court's file in this matter, any reply and oral argument, and such other things as may be considered at the hearing. This motion is pursuant to the Rules of Professional Conduct of the State Bar of California, and related rules/laws.

*Summerfield v. Weichler, et al.* [C-09-2609-HRL]
NOTICE OF MOTION AND MOTION FOR LEAVE TO
WITHDRAW AS PLAINTIFFS' COUNSEL OF RECORD;
DECLARATION OF COUNSEL

P050MOTION

## II. MOTION

### A. PRELIMINARY STATEMENT AND RELEVANT FACTS

Plaintiffs are presently represented by Russell A. Robinson. Several months ago, Plaintiff Ed Summerfield terminated the services of Robinson. Ed Summerfied, who essentially ceased meaningful communication for several months prior, instructed Robinson as follows:

> Please do not call, email, text, or communicate with me from this day and moment, further. If you do, it will be considered as harassment and I will have no choice, except to file for a restraining order against you.

Ed Summerfield had before that refused to execute a substitution of attorneys. Robinson later learned through Ed Summerfield's attorney-in-fact that Ed Summerfield sued Robinson; Robinson has not been served with that action.

Obtaining a declaration from a client who will not communicate with the attorney is not possible. With regard to Rita Summerfield and Arthur Summerfield, communication essentially has ceased. A cryptic e-mail from Rita Summerfield indicating Robinson did not need to meet with the Summerfields or to speak with them to complete his work herein was all Robinson received – except for service of a lawsuit. Rita Summerfield and Arthur Summerfield sued numerous persons in the San Mateo County Superior Court, including naming Robinson as a defendant in a First Amended Complaint. Robinson requested guidance from the Summerfields' attorney in that San Mateo action in terms of trying to complete work herein, but that request remains unanswered; and, the Summerfields will not execute a substitution of attorneys herein.

Robinson believes cause to grant this motion exists based on several factors, including but not limited to the following:

* The Summerfields ceased communicating with Robinson.

* Ed Summerfield told Robinson that any communication from Robinson will be deemed to be harassment.

* All three Plaintiffs sued Robinson.

* Material differences as to aspects of this matter have arisen between Robinson and the Summerfields (Robinson believes that disclosing the nature and scope of these differences might cause prejudice to the Summerfields).

At Ed Summerfield's request, Robinson previously turned over his entire file herein to Ed Summerfield's attorney-in-fact. Given the insistence and nature of the demand, Robinson did not have time to copy all of these materials himself.

The motion to withdraw complies with state and federal rules governing such matters, and should not cause "prejudice" to Plaintiffs.

**B.      LAW GOVERNING WITHDRAWAL.**

Civil Local Rules indicate that an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion. Civil Local Rules, Rule 11-5 governs withdrawal from a case.

> (a) Order Permitting Withdrawal. Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case.
>
> (b) Conditional Withdrawal. When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear *pro se*, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes (or on the Clerk, if the Court so directs), unless and until the client appears by other counsel or *pro se*. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition.

As this Court sits in California and Robinson is a member of the California Bar, withdrawal is governed by the Rules of Professional Conduct (RPC) of the State Bar of California. The authority and duty of the attorney continues until relieved by order of the Court.

RPC Rule 3-700 governs termination of employment as follows:

> (B)      Mandatory Withdrawal  A member representing a client before a tribunal shall withdraw from employment with the permission of the tribunal, if required by its rules, and a member representing a client in other matters shall withdraw from employment, if: . . .
>
>           (2)      The member knows or should know that continued employment will result in violation of these rules or of the State Bar Act; or . . . .
>
> ( C)      Permissive Withdrawal.  If rule 3-700(B) is not applicable, a member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:
>
>           (1)      The client . . . .

        (d)    by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or

        (e)    insists, in a matter not pending before a tribunal, that the member engage in conduct that is contrary to the judgment and advice of the member but not prohibited under these rules or the State Bar Act[1], or . . . .

    (2)    The continued employment is likely to result in a violation of these rules or of the State Bar Act; or . . . .

    (6)    The member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal

**C.**    **ANALYSIS.**

As required by local rules, RPC 3-700(A), Robinson now makes this motion. Before seeking to withdraw, Robinson took all steps necessary to avoid any "prejudice" to Plaintiffs and has continued to take reasonable steps to avoid reasonably foreseeable prejudice to the rights of the clients, including giving due notice to the client, providing his entire file, and other ways.

With regard to permissive withdrawal, under RPC 3-700(C)(1)(d), the Summerfields' conduct has rendered it unreasonably difficult for Robinson to carry out employment effectively. Attorney and clients disagree as to how this matter should proceed, through what channels communication should take place, and clients sued Robinson – creating a conflict. Robinson believes in good faith this Court will find existence of other good cause for withdrawal.

**III.**    **CONCLUSION**

Good cause exists for granting the motion. Therefore, the Court should grant counsel's motion and permit Robinson to withdraw as Plaintiffs' counsel of record.

Date: August 3, 2011

                      *Russell A. Robinson /s/*
                      Law Office of Russell A. Robinson
                      By:    Russell A. Robinson
                      Counsel for Plaintiffs
                      ED SUMMERFIELD, ARTHUR SUMMERFIELD, and RITA SUMMERFIELD

---

[1]    Robinson and Ed Summerfield have disagreed vehemently about other matters.

*Summerfield v. Weichler, et al.* [C-09-2609-HRL]
NOTICE OF MOTION AND MOTION FOR LEAVE TO
WITHDRAW AS PLAINTIFFS' COUNSEL OF RECORD;
DECLARATION OF COUNSEL    - 4 -    P050MOTION

## IV. DECLARATION

I, Russell A. Robinson, hereby declare as follows:

1. I am attorney licensed to practice before all courts in the State of California and have been admitted to practice in the Northern District of California since 1993. The below true and correct facts are of my own personal knowledge, except facts stated as based on information and belief; as to facts so stated, I believe these to be true.

2. The facts stated above are true and correct.

I, Russell A. Robinson, hereby declare under penalty of perjury and under the laws of the State of California that the above is true and correct.

Date:   August 3, 2011

*Russell A. Robinson /s/*
Law Office of Russell A. Robinson
By:   Russell A. Robinson
Counsel for Plaintiffs
ED SUMMERFIELD, ARTHUR SUMMERFIELD, and RITA SUMMERFIELD

*Summerfield, et al., v. Weichler, et al. (No. C-09-2609-HRL)*

CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed at and my business is 345 Grove Street, San Francisco, California 94102. On August 3, 2011, I served the following:

**NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS DEFENDANT'S COUNSEL OF RECORD; DECLARATION OF COUNSEL**

_x_   BY MAIL: I served a true copy of the above named document(s) by mail by placing same in a sealed envelope fully prepaying postage thereon, and depositing said envelope in the U.S Mail at San Francisco, California. Said envelope was addressed as shown below.

____   BY PERSONAL SERVICE: I personally served by hand a true copy of the above named document(s) upon those listed below.

____   BY OVER-NIGHT DELIVERY: I served true copy(ies) of the above named document(s) by over-night courier/delivery (Federal Express) by placing same in a sealed envelope with a pre-paid air-bill or packing slip (copy attached), and depositing said package in the Federal Express drop box. Said packing slip was addressed as shown below.

Each subject package was addressed as follows:

Ed Summerfield
Rita Summerfield
Arthur Summerfield
779 Steuben Drive
Sunnyvale CA 94087
TEL:   (408) 393-4686

Michael D. McCraken
McCracken, Byers & Richardson
870 Mitten Road
Burlingame CA 94010
(Counsel for Plaintiffs in *Summerfield, et al., v. Yadegar, et al.*)

I declare under penalty of perjury that the above is true and correct. Executed at San Francisco, California, on August 3, 2011.

Date:   August 3, 2011          */s/ Russell A. Robinson*
                                Russell A. Robinson