\*\* E-filed August 4, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ED SUMMERFIELD, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STRATEGIC LENDING CORPORATION, et al.,<br><br>    Defendants.<br>_____/ | No. C09-02609 HRL<br><br>**ORDER (1) CONTINUING SHOW CAUSE HEARING AND (2) GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR LEAVE TO WITHDRAW**<br><br>**[Re: Docket Nos. 104, 106]** |

On July 11, 2011, this Court ordered Plaintiffs to appear on August 2, 2011 to show cause why this case should not be dismissed for failure to prosecute. Docket No. 104. Plaintiffs appeared through counsel on August 2, but he explained that Plaintiffs have terminated his representation and will no longer communicate with him. Docket No. 105. In light of these circumstances, he stated that he would file a motion for leave to withdraw as Plaintiffs' counsel. Id. As promised, he did so the next day. Docket No. 106.

Under this District's civil local rules, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L. R. 11-5(a). Moreover, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear *pro se*, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . , unless

1 and until the client appears by other counsel or *pro se*. When this condition is imposed, counsel
2 must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under
3 these circumstances must include acknowledgment of this condition." Civ. L. R. 11-5(b).

4       Based on Plaintiffs' counsel's motion and declaration in support, the Court finds that the
5 relationship between Plaintiffs and their counsel has deteriorated to the point that he cannot
6 effectively represent them. And since they have terminated his representation and will no longer
7 communicate with him, notice to them is unnecessary. Accordingly, his motion for leave to
8 withdraw is GRANTED.[1] However, since he makes no mention of the simultaneous appearance of
9 substitute counsel or of any agreement by Plaintiffs' to appear *pro se*, the withdrawal is subject to
10 the condition that papers may continue to be served on him for forwarding purposes unless and until
11 Plaintiffs either engage new counsel or agree to represent themselves *pro se*. Plaintiffs shall notify
12 the Court of their decision in this regard. Plaintiffs' counsel shall notify Plaintiffs of this condition.

13       In addition, the Court CONTINUES the show cause hearing to **October 4, 2011 at 10:00**
14 **a.m.** in Courtroom 2, Fifth Floor, United States District Court, 280 S. First Street, San Jose,
15 California, 95113. At that time, Plaintiffs (or any newly-retained counsel) shall appear to show
16 cause why this case should not be dismissed for failure to prosecute. If a voluntary dismissal is filed,
17 the show cause hearing will be automatically vacated.

19 **IT IS SO ORDERED.**
20 Dated: August 4, 2011

                                HOWARD R. LLOYD
                                UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the September 13, 2011 hearing is VACATED.

2

**C09-02609 HRL N**otice **will be electronically mailed to:**

Jonathan Harold Miller    jhmillerlaw@gmail.com
Russell Alan Robinson    rarcases@yahoo.com, lawrs@ymail.com
Vincent J. Kilduff    kildufflaw@aol.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**